**ESTATE OF Richard J. HENDERSON, deceased and Ronald W. Kocher, Executor, Plaintiff–Appellant,**

v.

**Dr. A. Dean MIRE, The Baptist Health System of East Tennessee, Inc., d/b/a Baptist Hospital of East Tennessee, Inc., Defendants–Appellees.**

Court of Appeals of Tennessee, Eastern Section.

March 18, 1997.

Permission to Appeal Denied by Supreme Court Sept. 8, 1997.

Abby R. Rubenfeld, Nashville, for Plaintiff/Appellant.

R. Franklin Norton, G. Gary Spangler and W. Mitchell Cramer, Wimberly, Lawson, Norton, & Luhn, Knoxville, for Appellees Baptist Health System of East Tennessee, Inc., or Baptist Hospital of East Tennessee, Inc.

Stephen C. Daves, O'Neal, Parker & Williamson, Knoxville, for Dr. Mire.

*OPINION*

McMURRAY, Judge.

The plaintiff filed an unsigned complaint without a proper bond or pauper's oath, alleging medical malpractice against all defendants. The defendants filed motions for summary judgment which were granted by the court. Judgment was accordingly entered dismissing the action as to all defendants. This appeal resulted. We affirm the judgment of the trial court.

On this appeal we are faced with a multitude of issues as framed by the plaintiff, however, each and every issue is simply a challenge to the propriety of the trial court's action in sustaining a motion for summary judgment. It is unnecessary, therefore, for us to reiterate the issues. Our task is simply to review the record and determine if summary judgment was appropriate.

## STANDARD OF REVIEW

Our standard of review in considering the propriety of summary judgment is as follows:

The standards governing an appellate court's review of a trial court's action on a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991). Tenn. R. Civ. P. 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as matter of law on the undisputed facts. *Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *Downen v. Allstate Ins. Co.,* 811 S.W.2d 523, 524 (Tenn.1991).

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *Byrd,* 847 S.W.2d at 210–11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. *Id.*

*Carvell v. Bottoms,* 900 S.W.2d 23 (Tenn. 1995).

## BAPTIST HEALTH SYSTEM OF EAST TENNESSEE, INC., d/b/a BAPTIST HOSPITAL OF EAST TENNESSEE, INC.

With regard to the defendant, Baptist Health System of East Tennessee, Inc., two grounds are strongly asserted upon which this defendant claims entitlement of a judgment as a matter of law. Firstly, this defendant asserts that it is not a hospital and is not licensed to operate a hospital but is simply a holding company for other entities including the Baptist Hospital of East Tennessee, Inc.[1] Secondly, this defendant asserts, and counsel for the plaintiff candidly concedes, that the only theory of recovery advanced against either the Baptist Health System of East Tennessee, Inc., or Baptist Hospital of East Tennessee, Inc., is based upon allegations of vicarious liability. Specifically, the plaintiff charges that "Dr. A. Dean Mire was an employee of Baptist Health Systems of East Tennessee, Inc., and therefore [this defendant] failed to exercise its duty of control over its employee."

■ In support of its motion for summary judgment, the defendant filed affidavits, pursuant to Rule 56, Tennessee Rules of Civil Procedure, affirmatively stating that Dr. Mire was not an employee of either Baptist Health Systems of East Tennessee, Inc., or Baptist Hospital of East Tennessee, Inc. The affidavits further affirmatively reflect that the only relationship between Dr. Mire and the Hospital was that he was an independent contractor who had been accorded staff privileges.

No countervailing evidence was submitted by the plaintiff. We, therefore, hold that the summary judgment as to the defendant Baptist Health Systems of East Tennessee, Inc., d/b/a Baptist Hospital of East Tennessee, Inc., was properly granted. We do not find it necessary to address the issue of the sufficiency of service of process.

## DR. A. DEAN MIRE

The case of Dr. Mire requires closer scrutiny. Dr. Mire filed his affidavit in support of his motion for summary judgment affirmatively stating that he is a licensed physician, board certified in family medicine and that he is familiar with the recognized standards of care of acceptable medical practice in the

---

1. Baptist Hospital of East Tennessee, Inc., was never served with process. The agent for service of process for Baptist Hospital and East Tennes- see Health Systems is one and the same and was served as to East Tennessee Health Systems.

Knoxville community for doctors practicing general family medicine. He further related his professional relationship with the deceased, Mr. Henderson. More important, he stated that in his opinion "within a reasonable degree of medical certainty, the medical care provided Mr. Henderson ... was in accordance with the recognized standard of acceptable medical care for family practitioners in the Knoxville community in 1994." His affidavit set out in detail the medical treatment and care that he had provided to Mr. Henderson. He further deposed that "within a reasonable degree of medical certainty, that the medical care I provided did not cause nor contribute to Mr. Henderson's illness or death."

As countervailing evidence, the plaintiff filed the affidavit of Dr. Mark Tanner, a physician, board certified in family medicine and licensed to practice in the State of Georgia. He stated in his affidavit that he was familiar with the standard of care, custom and practice in surrounding communities including Knoxville, Tennessee. He further states that he has reviewed the medical records of the decedent, consisting of the following:

1. The medical records of Dr. A. Dean Mire.

2. The records from Baptist Hospital of East Tennessee.

3. The records of the autopsy performed by Dr. Charles W. Harlan.

He further stated:

\*    \*    \*    \*    \*    \*

7. It is my opinion, to a reasonable degree of medical certainty and with knowledge of the customs and practices of the medical profession in this community and in the surrounding communities, that defendants and each of them breached the standard of care in this community when defendants failed to diagnose, treat or intervene to provide the plaintiff decedent with timely and competent care after receiving the results of various tests including the arterial blood gas, gallium scan, and other laboratory tests including biochemical profile and complete blood count all of which were caused to be performed upon plaintiff decedent by these defendants and/or their agents.

8. It is my opinion to a reasonable degree of medical certainty that if the plaintiff decedent had been treated timely by the defendant and within the standard of care as afore stated, the plaintiff decedent would have recovered from this pneumonia.

9. After reviewing all of the records hereinabove stated it is my opinion, to a reasonable degree of medical certainty, that "congestive failure" was not in fact the cause of the plaintiff decedent's death. Plaintiff decedent died of *Pneumocystis carinii* pneumonia or another similar opportunistic disease common in persons with AIDS.

The trial court was less than impressed by the affidavit of Dr. Tanner. The transcript of the hearing contains the following statements of the court:

THE COURT: Let me quickly ask Ms. Bentley this question: Now the affidavit stripped of the injunctive sentences, that's been filed by Dr. Tanner of Atlanta, says that the defendant "breached the standard of care in this community when he failed to diagnose, treat or intervene to provide the plaintiff/decedent with timely and competent care after receiving the results of various tests, including the arterial blood gas, the gallium scan, and other laboratory tests including the biochemical profile and complete blood court."

Now, if this Dr. Tanner is going to be able to establish the standard of care in this community, which he's got to do if the plaintiff is to prevail, then doesn't he have to say something about what the standard of care requires when the doctor receives that information. That information might indicate to a doctor you don't need to do anything. Wouldn't it depend on what those tests were? What is the standard of care?

Now, I know these doctors like to talk about the standard of care, but when you get them on the witness stand, a lot of times they have a lot of difficulty articulating what that is. It's not nearly

as finite as they sometimes would like us to believe. But there's got to be some kind of standard, and you've got to prove what the standard of care is.

You've got to prove, this plaintiff's got to prove, what the standard was, that there was a deviation from that standard, and as a result of the deviation this man suffered an injury that he would not have otherwise suffered. Now if the plaintiff can't come in and show what the standard is, why should we go any further.

■ The above statement by the trial court is an accurate statement. Here we are dealing with a motion for summary judgment. The burden is upon the movant to demonstrate that from the evidence produced in support of his motion for summary judgment, he is entitled to judgment as a matter of law if his evidence is unrefuted. Therefore, it is the burden of the defendant, on a motion for summary judgment in this case, to prove the standard of care and that his professional conduct conformed thereto. We agree with the trial court that the defendant's affidavit, if uncontroverted, would entitle him to judgment as a matter of law. We are of the opinion, however, that the affidavit of Dr. Tanner is insufficiently precise to demonstrate that a genuine issue of material fact exist.

Summary judgments provide a quick and inexpensive way to dispose of lawsuits where the plaintiff does not have enough proof to justify the time and expense of a trial. *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547 (Tenn.1981). The procedure is especially valuable in a medical malpractice case where the statutes require specific proof of negligence and causation, Tenn.Code Ann. § 29–26–115(a), and where the proof must ordinarily come from expert testimony. *Stokes v. Leung,* 651 S.W.2d 704 (Tenn.App.1982). But, a summary judgment proceeding, designed to weed out unprovable claims, must not become a substitute for trial and the court considering the motion must recognize that the movant has the burden of proving the absence of disputed material facts. *Jones*

*v. Home Indemnity Ins. Co.*, 651 S.W.2d 213 (Tenn.1983).

*Hall v. Ramos,* 1991 WL 27372, 1991 Tenn. App. LEXIS 149.

In *Roddy v. Volunteer Med. Clinic, Inc.,* 926 S.W.2d 572 (Tenn.App.1996), the court in a case similar to this, insofar as the affidavits are concerned, made the following observation:

The Plaintiffs here have the burden of proving by expert testimony (1) the standard of care, (2) that the Defendants deviated from that standard, and (3) that as a proximate result of the Defendants' negligent act or omission, the Plaintiffs have suffered injuries which would not otherwise have occurred. *Dolan v. Cunningham,* 648 S.W.2d 652 (Tenn.App.1982); *Parker v. Vanderbilt Univ.*, 767 S.W.2d 412 (Tenn.App.1988); *Hurst v. Dougherty,* 800 S.W.2d 183 (Tenn.App.1990).

*Roddy,* at page 578.

The defendant's affidavit is sufficiently precise to place the burden upon the plaintiff to come forward with proof establishing a disputed material fact on (1) the standard of care, (2) that the defendant deviated from that standard, and (3) that as a proximate result of the defendant's negligent act, the plaintiff suffered injuries which would not otherwise have occurred. Dr. Tanner's affidavit fails to establish the requisite facts to demonstrate that a genuine issue of material fact exists. Specifically, Dr. Tanner's affidavit fails to state with any degree of precision, what, if anything, Dr. Mire did wrong in his treatment of the deceased. The affidavit is replete with conclusions. The only assertion in Dr. Tanner's deposition approaching the failure of the defendants to meet the standard of care is that the defendant "breached the standard of care in this community when defendants failed to diagnose, treat or intervene to provide the plaintiff decedent with timely and competent care ..." The affidavit fails to point out the diagnosis, if any, that should have been made. It further fails to point out the treatment or intervention that should have occurred to prevent the plaintiff decedent's death. There is nothing in the affidavit to demonstrate that as a proximate result of the defendant's negligent act or

omission, the plaintiff suffered injuries which would not otherwise have occurred. (T.C.A. § 29–26–115(a)(3)).

We affirm the judgment of the trial court granting summary judgment to all defendants. Costs of this appeal are taxed to the appellant and this cause is remanded to the trial court.

GODDARD, P.J., and FRANKS, J., concur.