# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

April 16, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

TINA KENNEDY,               )

      Plaintiff/Appellee,      )

                           )    Appeal No.
                           )    01-A-01-9805-CV-00242

VS.                      )

                           )    Franklin Circuit
                           )    No. 9783-CIV

DR. T. SCOTT HOLDER and   )
STONES RIVER HOSPITAL, INC., )
d/b/a SOUTHERN TENNESSEE  )
MEDICAL CENTER,         )

                           )
      Defendants/Appellants.   )

APPEALED FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
AT WINCHESTER, TENNESSEE

THE HONORABLE BUDDY D. PERRY, JUDGE

THOMAS C. FARIS
101 S. College Street
Winchester, Tennessee 37398
      Attorney for Plaintiff/Appellee

WILLIAM C. RIEDER
214 North Atlantic Street
Tullahoma, Tennessee 37388
      Attorney for Defendant/Appellant Dr. T. Scott Holder

C. J. GIDEON, JR.
EDWARD A. HADLEY
Suite 1900, NationsBank Plaza
414 Union Street
Nashville, Tennessee 37219-1782
      Attorneys for Defendant/Appellant Stones River Hospital, Inc.
      d/b/a Southern Tennessee Medical Center

REVERSED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
COTTRELL, J.

# O P I N I O N

In this medical malpractice case, the trial court overruled the defendants' motions for summary judgment. The court was of the opinion that the lay testimony of the plaintiff created a disputed question of fact on the defendants' negligence. We reverse and dismiss the plaintiff's claims.

I.

Tina Kennedy, in active labor, was admitted to Southern Middle Tennessee Medical Center under the care of Dr. T. Scott Holder. A normal birth occurred after approximately nine hours of labor. Ms. Kennedy had an episiotomy to avoid tearing during the delivery, but the floor of her vagina tore further. In repairing the third degree laceration, Dr. Holder placed gauze-like sponges in Mrs. Kennedy's vagina to stop the bleeding around the laceration site. Three days after entering the hospital Mrs. Kennedy went home with her new baby.

Six days later, Mrs. Kennedy discovered the gauze sponges still in her vagina. Alarmed, she went back to the hospital emergency room, where the physician on duty extracted the foreign material without anesthetic. Mrs. Kennedy suffered pain and discomfort during the seven day period and the removal procedure caused severe pain.

Mrs. Kennedy sued Dr. Holder and the hospital, claiming that Dr. Holder was negligent, and that the hospital staff and nurses were also negligent because they did not follow a procedure that would have ensured that the foreign objects were removed from her body. Mrs. Kennedy also alleged that Dr. Holder's conduct was reckless and in wilful disregard of her safety. She asked for compensatory and punitive damages.

Dr. Holder and the hospital answered the complaint and moved for summary judgment. They filed Dr. Holder's affidavit and the affidavits of three other Board certified physicians, all saying that Dr. Holder's conduct did not deviate from the standard of care for physicians practicing in the area of Winchester and Franklin

County, Tennessee. The affidavits state that gauze-like material can be left in a patient's vagina during a vaginal delivery in the absence of negligence on the part of the physician. They also state that, unlike a surgical procedure involving an incision in a patient's body where sponges are placed in the incision, in a vaginal delivery neither the doctor nor the nurses are required to account for all the sponges used in the procedure. The key difference in the two procedures is that the sponge-like objects may be easily removed from the vagina without further surgery.

Mrs. Kennedy relied on her affidavit to resist the motion for summary judgment. Her affidavit restates the facts alleged in her complaint and takes issue with the doctors' statements that the gauze-like material was essentially a tampon. She states that there were three separate masses of the material, each one individually larger than a tampon, and that they were tightly packed in place. The plaintiff also filed Dr. Holder's deposition in which he stated that leaving sponges in a patient's vagina was not normal procedure and that he did not intend for it to happen in this case.

The trial judge overruled the motions for summary judgment but granted the defendants permission to appeal under Rule 9, Tenn. R. App. Proc.

## II.

**A. HAS THE PLAINTIFF SATISFIED THE COMMON KNOWLEDGE EXCEPTION TO THE STATUTORY REQUIREMENT THAT MEDICAL MALPRACTICE BE PROVED BY EXPERT TESTIMONY?**

By statute a plaintiff suing a medical provider for malpractice must show by expert proof:

(a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):

(1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which he practices or in a similar community at the time the alleged injury or wrongful action occurred;

(2)    That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

(3)    As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115.

This statute requires expert proof of all the elements of the tort. *Baldwin v. Knight*, 569 S.W.2d 450 (Tenn. 1978). Summary judgment in favor of the defendants in a medical malpractice action may be appropriate where the defendants produce expert proof that completely refutes the plaintiff's allegations of negligence and the plaintiff does not produce rebuttal proof by expert testimony. *Dolan v. Cunningham*, 648 S.W.2d 652 (Tenn. App. 1982). An exception to this high standard has been recognized where the alleged acts of negligence are so obvious that they come within the common knowledge of laymen. *Ayers v. Rutherford Hosp., Inc.*, 689 S.W.2d 155 (Tenn. App. 1984). For instance, sewing up a surgical sponge in a patient's body clearly qualifies as negligence even without an expert to tell us so. *Rural Educational Association v. Bush*, 298 S.W.2d 761 (Tenn. App. 1956). On the other hand, leaving a medicated sponge pack similar in nature and purpose to a tampon in a patient's vagina after a hysterectomy is not so obvious that a lay person could identify the conduct as negligence. *St. Martin v. Doty*, 493 S.W.2d 95 (Tenn. App. 1972). The difference lies in the fact that the medicated sponge pack is "in the nature of a bandage and . . . is removable without surgery." *Id.* at 98.

The plaintiff's attempt to distinguish *St. Martin* from this case is on the ground that in *St. Martin* the sponge pack was intentionally left in the plaintiff's vagina. But that distinction is refuted by the opinion in *St. Martin* itself. The opinion points out that the doctor "intended to remove the pack, but was unable to locate it and thought that it had fallen out." We see no distinction between the two cases.

The plaintiff also contends that developments in medical knowledge subsequent to 1972, when the *St. Martin* case was decided, especially the emergence of toxic shock syndrome as a possible result of tampon retention, renders that case

outdated and its holdings questionable. However, we do not have the authority (or the competence) to take judicial notice that the medical standard of care has changed or that it needs to be changed. Under Tenn. Code Ann. § 29-26-115(c) expert testimony is required to establish the applicable standard of care.

So, we conclude that this is not a case where the plaintiff can establish the elements of a medical malpractice case through lay testimony.

## B. IS THIS A CASE OF RES IPSA LOQUITUR?

The plaintiff also contends that the case may proceed without expert proof because of the doctrine of res ipsa loquitur. Under this rule, "the facts of the occurrence evidence negligence and . . . the circumstances, unexplained, justify an inference of negligence." *Shivers v. Ramsey*, 937 S.W.2d 945, 949 (Tenn. App. 1996). A revised version of this rule is incorporated into the Medical Malpractice Act at Tenn. Code Ann. § 29-26-115(c):

> In a malpractice action as described in subsection (a) of this section there shall be no presumption of negligence on the part of the defendant. Provided, however, there shall be a rebuttable presumption that the defendant was negligent where it is shown by the proof that the instrumentality causing injury was in the defendant's (or defendants') exclusive control and that the accident or injury was one which ordinarily doesn't occur in the absence of negligence.

The application of res ipsa to a medical malpractice case has been addressed in *Murphy v. Schwartz*, 739 S.W.2d 777 (Tenn. App. 1986). The court compared res ipsa and the "common knowledge exception" and concluded (1) that they were essentially the same and (2) that expert opinion evidence could not be refuted by lay opinions.

We think the analysis in *Murphy v. Schwartz* leads to the obvious conclusion that in medical malpractice cases you cannot infer negligence in a case where there is expert testimony that no negligence occurred.

## C. IS THERE A DISPUTED QUESTION OF FACT ON THE HOSPITAL'S NEGLIGENCE?

Finally, Mrs. Kennedy alleges that her affidavit makes a disputed question of fact on the hospital's negligence. She states that after the gauze was removed in the emergency room an unidentified nurse said that the nurses had a duty to do a sponge count both before and after the surgery. This proof, however, fails to meet the test of admissibility required by Tenn. Code Ann. § 29-26-115(b) and Rule 56.06, Tenn. R. Civ. Proc. We have no way of knowing whether the declarant was qualified to give that opinion and Rule 56.06 requires that affidavits be made on personal knowledge. Therefore, the unknown declarant's statement does not make a disputed question of fact.

The judgment entered below is reversed and judgment will be entered here granting summary judgment of dismissal to both defendants. The cause is remanded to the Circuit Court of Franklin County for any further action that may be necessary. Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
PATRICIA J. COTTRELL, JUDGE