IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 10, 2000 Session

# TREA D. McBEE, ET AL. v.
# HCA HEALTH SERVICES OF TENNESSEE, INC., ET AL.

**Appeal from the Circuit Court for Davidson County**
**98C-2496   Walter C. Kurtz, Judge**

---

**No. M2000-00271-COA-R3-CV - Filed October 18, 2000**

---

This appeal involves a hospital patient who was injured in a fall two days following surgery. The patient and her husband filed suit against the hospital in the Circuit Court for Davidson County alleging that her attending nurse had negligently permitted her to ambulate without adequate assistance and support. The hospital filed a motion for summary judgement supported by the attending nurse's affidavit stating that she had complied with the applicable standard of care for the post-operative ambulation of surgical patients. The patient did not submit any countervailing expert affidavits, and the trial court granted the hospital's summary judgment motion. On this appeal, the patient asserts that she should not have been required to file countervailing expert affidavits either because her complaint was based on simple negligence or because the attending nurse's negligence was so plain that no expert testimony was required. We find that the patient's complaint is for medical malpractice and that the attending nurse's conduct is not so plainly negligent that it obviates the necessity of expert proof. Accordingly, we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM B. CAIN, J., joined.

Karen M. Weimar, J. Todd Faulkner, and Jack A. Butler, Nashville, Tennessee, for the appellants, Trea D. McBee and Joe W. McBee.

Margaret James Moore, Clarence James Gideon, and Thomas Anderton Wiseman, III, Nashville, Tennessee, for the appellees, HCA Health Services of Tennessee, Inc. d/b/a Centennial Medical Center and Columbia Centennial Medical Center d/b/a/ Centennial Medical Center.

## OPINION

On November 3, 1997, Ms. Trea McBee was admitted to Centennial Medical Center in Nashville for a hysterectomy. One of the registered nurses assigned to care for her post-operatively

was Leslie Glaser. Two days following the surgery, Ms. Glaser attempted to ambulate Ms. McBee in accordance with the attending physician's instructions. The first attempt was made at approximately 10:00 a.m. but was discontinued when Ms. McBee became dizzy and ill. Mr. McBee was present on this occasion. Ms. Glaser again tried to ambulate Ms. McBee at approximately 1:30 p.m. Mr. McBee was not present on this occasion. As soon as Ms. McBee got out of bed, she again became dizzy and fell fracturing her ankle.[1]

Ms. McBee and her husband filed a complaint against Centennial Medical Center and its owner in September 1998. Over one year later, in November 1999, the hospital filed a summary judgment motion, accompanied by Ms. Glaser's affidavit stating that she had complied with the applicable standard of professional care while assessing Ms. McBee's condition and during ambulation. The McBees responded to the motion by arguing that expert proof was not required because their action sounded in simple negligence and not medical malpractice. On January 4, 2000, the trial court granted the hospital's motion and dismissed the McBees' complaint.

**I.**

Summary judgments enable courts to conclude cases that can and should be resolved on dispositive legal issues. *See Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Airport Props. Ltd. v. Gulf Coast Dev., Inc.*, 900 S.W.2d 695, 697 (Tenn. Ct. App. 1995). They are appropriate only when the facts material to the dispositive legal issues are undisputed. Accordingly, they should not be used to resolve factual disputes or to determine the factual inferences that should be drawn from the evidence when those inferences are in dispute. *See Bellamy v. Federal Express Corp.*, 749 S.W.2d 31, 33 (Tenn. 1988).

Medical malpractice cases may be adjudicated by summary judgment in proper circumstances. *See, e.g., Donnelly v. Walter*, 959 S.W.2d 166, 168 (Tenn. Ct. App. 1997); *Estate of Henderson v. Mire*, 955 S.W.2d 56, 59-60 (Tenn. Ct. App. 1997). In order to be entitled to a summary judgment, the moving party must demonstrate that no genuine issues of material fact exist and that he or she is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d at 210; *Planet Rock, Inc. v. Regis Ins. Co.*, 6 S.W.3d 484, 490 (Tenn. Ct. App. 1999). A summary judgment should be denied, however, when a genuine dispute exists with regard to any material fact, *see, e.g., Seavers v. Methodist Med. Ctr.*, 9 S.W.3d 86, 97 (Tenn. 1999) (reversing a summary judgment in a medical malpractice action because of the existence of a genuine issue of material fact), or when the controlling law does not clearly entitle the moving side to either escape or impose liability. *See Hogins v. Ross*, 988 S.W.2d 685, 689 (Tenn. Ct. App. 1998) (reversing a summary judgment where the law did not support the moving party).

---

[1]Ms. McBee's account of the fall differs from Ms. Glaser's. Ms. McBee asserts that Ms. Glaser was standing more than an arm's length away from her when she fell and that Ms. Glaser offered her no assistance when she got out of bed. On the other hand, Ms. Glaser stated that she had "[her] right arm under Ms. McBee's left armpit and [her] left was on Ms. McBee's left forearm." This factual dispute is not material in light of our conclusion that Ms. McBee was required to rebut the summary judgment motion with expert proof regarding the applicable standard of care and Ms. Glaser's breach of that standard. While Ms. Glaser's version of the fall may be more favorable to Ms. McBee than her own account, the McBees' counsel has insisted on basing the McBees' case on Ms. McBee's version of the incident.

Our task on appeal is to review the record to determine whether the requirements for granting summary judgment have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Aghili v. Saadatnejadi*, 958 S.W.2d 784, 787 (Tenn. Ct. App. 1997). Summary judgments do not enjoy a presumption of correctness on appeal. *See Nelson v. Martin*, 958 S.W.2d 643, 646 (Tenn. 1997); *City of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn. 1997). Accordingly, when we review a summary judgment, we view all the evidence in the light most favorable to the non-movant, and we resolve all factual inferences in the non-movant's favor. *See Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox County Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). A summary judgment will be upheld only when the undisputed facts reasonably support one conclusion – that the moving party is entitled to a judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

A party may obtain a summary judgment by demonstrating that the nonmoving party will be unable to prove an essential element of its case, *Byrd v. Hall*, 847 S.W.2d 208, 212-13 (Tenn. 1993), because the inability to prove an essential element of a claim necessarily renders all other facts immaterial. *See Alexander v. Memphis Individual Practice Ass'n*, 870 S.W.2d 278, 280 (Tenn. 1993); *Strauss v. Wyatt, Tarrant, Combs, Gilbert & Milom*, 911 S.W.2d 727, 729 (Tenn. Ct. App. 1995). Accordingly, a plaintiff should not take a summary judgment motion lightly. *See Poling v. Goins*, 713 S.W.2d 305, 308 (Tenn. 1986). Rather than resting on their pleadings, a plaintiff must respond with appropriate evidentiary materials demonstrating that there is a genuine issue of fact for trial. *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn. 1978); *Dellinger v. Pierce*, 848 S.W.2d 654, 656 (Tenn. Ct. App. 1992).

## II.

A plaintiff's burden of proof in a medical malpractice case is governed by statute. Tenn. Code Ann. § 29-26-115(a)(1) (1980) requires the plaintiff to present evidence of "[t]he recognized standard of acceptable professional practice in the profession and the specialty thereof . . . that the defendant practices in the community in which he [or she] practices . . . at the time the alleged injury or wrongful action occurred." Establishing this standard of care and a health care provider's deviation from that standard generally requires expert proof. *See Moon v. St. Thomas Hosp.*, 983 S.W.2d 225, 229 (Tenn. 1998); *Cardwell v. Bechtol*, 724 S.W.2d 739, 754 (Tenn. 1987); *Jennings v. Case*, 10 S.W.3d 625, 627 (Tenn. Ct. App. 1999). However, expert proof is not necessary when a health care provider's negligence is so obvious that it comes within the common knowledge of lay persons. *Kennedy v. Holder*, 1 S.W.3d 670, 672 (Tenn. Ct. App. 1999); *Ayers v. Rutherford Hosp., Inc.*, 689 S.W.2d 155, 160 (Tenn. Ct. App.1984).

The McBees assert that there are two reasons why they should not be required to present expert testimony to contradict Ms. Glaser's affidavit. First, they insist that the rules governing medical malpractice claims do not apply to their claim against the hospital because it is a simple negligence claim. Second, they insist that even if their claim is a medical malpractice claim, they should not be required to come forward with expert testimony because Ms. Glaser's negligence is so obvious that lay persons will easily discern it. We disagree on both counts.

Most actions against health care providers, whether they sound in tort or contract, fall within the coverage of the medical malpractice statutes. Tenn. Code Ann. § 29-26-102(6). However, health care providers may also be guilty of simple negligence when their acts or omissions do not involve a matter of medical science or do not require specialized skills that are not ordinarily possessed by lay persons. *Graniger v. Methodist Hosp. Healthcare Sys., Inc.*, No. 02A01-9309-CV-00201, 1994 WL 496781, at *3 (Tenn. Ct. App. Sept. 9, 1994), *perm. app. denied* (Tenn. Jan. 3, 1995); *Wilson v. Southern Hills Med. Ctr.*, No. 01A01-9211-CV-00460, 1993 WL 177155, at *5 (Tenn. Ct. App. May 26, 1993) (No Tenn. R. App. P. 11 application filed).

Based on the McBees' version of the facts, this case does not involve a circumstance in which hospital personnel undertook to help a patient and then "dropped" her.[2] The assessment of a surgical patient's post-operative ability to ambulate and the choice of the method of ambulation involves specialized skill and training that is not ordinarily possessed by lay persons. Accordingly, we conclude that the McBees' claim against the hospital is one sounding in medical malpractice, not ordinary negligence.

As an alternative, the McBees assert that they should be permitted to take advantage of the "common knowledge" exception to the general rule requiring plaintiffs to support their claims with expert proof. We disagree. When viewed in the light most favorable to the McBees, this is not a case in which a health care provider dropped a patient. The proof that the McBees ask us to accept as true indicates that Ms. Glaser was standing more than an arms length away during ambulation. Whether the nurse acted beyond the acceptable standard of professional conduct when assessing Ms. McBee's condition and determining the proper methodology for ambulation is not as blatant as a "fly floating in a bowl of buttermilk."[3] Nor is it self-evident that the injury would not ordinarily occur absent negligence. Accordingly, the trial court properly granted HCA's motion for summary judgment.

## III.

We affirm the trail court's grant of summary judgment and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Trea D. McBee and Joe W. McBee jointly and severally, and their surety for which execution may issue, if necessary.

                                                       _____

                                              WILLIAM C. KOCH, JR., JUDGE

---

[2] *Harvey v. Wolfer*, No. 03A01-9512-CV-00452, 1996 WL 94819 (Tenn. Ct. App. Mar. 6, 1996), *perm. app. denied* (Tenn. July 1, 1996).

[3] *Murphy v. Schwartz*, 739 S.W.2d 777, 778 (Tenn. Ct. App. 1986).