IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 28, 2001 Session

## PHILLIP A. LEDFORD, ET AL. v. BRADLEY MEMORIAL HOSPITAL, ET AL.

**Appeal from the Circuit Court for Bradley County**
**No. V-99-069      Lawrence H. Puckett, Judge**

**FILED NOVEMBER 15, 2001**

**No. E2001-00291-COA-R3-CV**

The plaintiffs, Phillip A. Ledford ("Ledford") and his wife, Elizabeth Ledford, filed suit against the defendants, Daniel V. Johnson, M.D., Bradley Memorial Hospital ("the Hospital"), and Southeast Tennessee Orthopedics, Inc. ("Southeast"), alleging medical malpractice arising out of surgery performed by Dr. Johnson on Ledford's broken arm. The trial court granted the defendants summary judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Kevin W. Shepherd, Maryville, Tennessee, for the appellants, Phillip A. Ledford and Elizabeth Ledford.

Sue E. Scruggs and Carl E. Shiles, Jr., Chattanooga, Tennessee, for the appellee, Bradley Memorial Hospital.

H. Dean Clements, Chattanooga, Tennessee for the appellees, Daniel V. Johnson, M.D., and Southeast Tennessee Orthopedics, Inc.

**OPINION**

I.

On January 23, 1998, Ledford was involved in an automobile accident in which he sustained fractures to the radius and ulna bones of his left arm. He was admitted to the Hospital and was treated by Dr. Johnson, an orthopedic surgeon. Dr. Johnson implanted 1/3 tubular metal plates to hold the repaired fractures in place. Following the surgery, Ledford was discharged from the

Hospital, and returned to his home in North Carolina. For follow-up treatment, Ledford saw another orthopedic surgeon, Dr. Paul Pflueger. On March 4, 1998, Dr. Pflueger determined that the 1/3 tubular metal plate on Ledford's radius bone had broken. The following day, he performed surgery to remove the broken plate and to replace it with a 3.5 millimeter dynamic compression plate. The plaintiffs thereafter filed the subject action against the defendants, alleging that Dr. Johnson was negligent. They seek to hold Dr. Johnson liable for his negligence and the Hospital and Dr. Johnson's group, Southeast, vicariously and statutorily liable for the doctor's conduct. The defendants filed motions for summary judgment, which motions were granted. This appeal followed.

## II.

In deciding whether a grant of summary judgment is appropriate, courts are to determine "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Courts "must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd v. Hall,* 847 S.W.2d 208, 210-11 (Tenn. 1993).

The party seeking summary judgment has the burden of demonstrating that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. *Id.* at 215. Generally speaking, a defendant seeking summary judgment may meet this burden by: (1) affirmatively negating an essential element of the plaintiff's cause of action, or (2) conclusively establishing an affirmative defense. *Id.* at 215 n.5. "A conclusory assertion that the nonmoving party has no evidence is clearly insufficient." *Id.* at 215.

Once the moving party satisfies its burden of showing that there is no genuine issue of material fact, the burden then shifts to the nonmoving party to show that there is a genuine issue of material fact requiring submission to the trier of fact. *Id.* The nonmoving party cannot simply rely upon its pleadings, but rather must set forth, by affidavits or discovery materials, specific facts showing a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.06; *Byrd,* 847 S.W.2d at 215. Admissible evidence offered by the nonmoving party must be taken as true. *Id*.

As pertinent to the instant action, summary judgment is appropriate only if the defendants produced expert testimony refuting the plaintiffs' allegations of negligence and/or causation and the plaintiffs failed to effectively rebut the defendants' proof. *See Kennedy v. Holder,* 1 S.W.3d 670, 672 (Tenn. Ct. App. 1999), *perm. app. denied* September 13, 1999.

III.

In support of his motion for summary judgment, Dr. Johnson filed his own affidavit, stating that he is familiar with the applicable standard of care and that he did not deviate from that standard in his treatment of Ledford. In response, the plaintiffs submitted the deposition of Dr. Pflueger. Dr. Pflueger testified that he is also familiar with the applicable standard of care. When asked whether Dr. Johnson complied with that standard, he replied that he *disagreed* with Dr. Johnson's use of a 1/3 tubular plate because in his experience such plates tend to break. He stated that he would have used a dynamic compression plate instead. Dr. Pflueger acknowledged, however, that he knew several orthopedic surgeons who would have used the type of plate implanted by Dr. Johnson. Dr. Pflueger further opined *that the decision as to which type of plate should be used is a matter for the judgment of the surgeon.*

Upon reviewing Dr. Pflueger's deposition, we are of the opinion that the plaintiffs have failed to show a genuine issue of material fact as to whether Dr. Johnson deviated from the applicable standard of care. Dr. Pflueger's testimony, construed in the light most favorable to the plaintiffs, at best, establishes that a different type of plate could have been used – and in fact would have been used by Dr. Pflueger had he treated Ledford originally – to set the radius fracture in this case. He could not say, however, that Dr. Johnson's decision to use a 1/3 tubular plate violated the standard of care. Indeed, he testified that in a conversation following the plaintiff's second surgery he told Dr. Johnson

> that as far as his treatment – The treatment was correct. I mean, let's face it. I know many orthopedic surgeons from when I was training who would do exactly what Dr. Johnson did.

While Dr. Pflueger emphasized that he strongly disagreed with Dr. Johnson's decision to use a 1/3 tubular plate, such testimony is not sufficient to establish a deviation from the standard of care. This evidentiary deficiency is clearly demonstrated by Dr. Pflueger's testimony that he knew several orthopedic surgeons who would have used the same type of plate utilized by Dr. Johnson to plate a fracture of the radius bone, and his acknowledgment that the type of plate to be used is a matter for the surgeon's judgment. "Where competent medical authority is divided, a physician will not be held responsible if, in the exercise of his judgment, he followed a course of treatment advocated by a considerable number of his professional brethren in good standing in his community." **Gresham v. Ford,** 192 Tenn. 310, 315, 241 S.W.2d 408, 411 (1951) (quoting **Floyd v. Walls,** 26 Tenn. App. 151, 167, 168 S.W.2d 602, 608-09 (1941)); *see also* **Harris v. Buckspan,** 984 S.W.2d 944, 952-53 (Tenn. Ct. App. 1998) ("It is not a departure from the applicable standard of care for a physician to use a procedure that is but one of several procedures recognized in the profession as adequate in the treatment of the plaintiff's condition."). The plaintiffs have not shown that Dr. Johnson's decision to implant a 1/3 tubular plate violated the standard of care. Accordingly, we find and hold that he was entitled to summary judgment based upon the unrefuted testimony of Dr. Johnson establishing that he did not deviate from the applicable standard of care. In the final analysis, Dr. Pflueger's affidavit does not create a factual dispute as to this issue.

The plaintiffs allege that Southeast is vicariously liable for the acts of Dr. Johnson because he was acting as its agent in performing the surgery. They further allege that state and federal regulations render the Hospital liable for Dr. Johnson's acts, even if he was not an employee or agent of the Hospital. The premise of the plaintiffs' claims against these two defendants is a theory of vicarious or statutory liability for the acts of Dr. Johnson. We have determined, however, that the plaintiffs failed to demonstrate that Dr. Johnson's treatment of the plaintiff was negligent because they did not rebut Dr. Johnson's affidavit testimony that he did not deviate from the standard of care in his care of Ledford. If Dr. Johnson was not negligent in his treatment of the plaintiff, there is simply nothing for which the other defendants may be held liable. Accordingly, we see no need to address the plaintiffs' various legal arguments as to the liability of the other defendants.

IV.

The judgment of the trial court is affirmed. This case is remanded for collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellants, Phillip A. Ledford and Elizabeth Ledford.

_____
CHARLES D. SUSANO, JR., JUDGE