Mary Ann MURPHY and Clarence Murphy, Jr., Appellants,

v.

Dr. Paul SCHWARTZ, Dr. James Donnell and the Jackson–Madison County General Hospital, Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

Dec. 3, 1986.

Application for Permission to Appeal Denied by Supreme Court March 2, 1987.

Mike Mosier, Henderson, for appellants.

Thomas H. Rainey, Jackson, for appellees.

NEARN, Judge (Retired).

In this medical malpractice case, the trial judge granted motion for summary judgment made by the medical doctor defendants and plaintiffs have appealed.

An original defendant, The Jackson–Madison County General Hospital, moved for a severance pursuant to Section 29–20–313 T.C.A., which motion was granted in 1982. Accordingly, the summary judgment in favor of the doctors entered January 30, 1986, was a final judgment appealable as a matter of right under Rule 3, T.R.A.P.

The husband and wife plaintiffs filed suit charging the defendant doctors with medical malpractice which caused injuries to the wife. The complaint alleges that the wife suffered a stroke at her home and was taken therefrom by ambulance to the Madison County General Hospital, where the defendant doctors failed to properly attend to her, which failure and lack of attention caused her to fall from the emergency room cot, and the doctors failed to properly treat her for the injuries suffered in the fall.

The motion for summary judgment, filed by both defendant doctors, was accompanied by the affidavit of one of them. The affidavit was to the effect that the affiant was familiar with the medical standard of care in the community and that neither the affiant or the other doctor defendant at any time fell below the community standard of care in the examination or treatment of Mrs. Murphy.

No countervailing affidavit by a medical doctor was filed by plaintiffs. However, both plaintiffs filed their personal affidavits to the effect that it was their opinion that the failure of the doctors to provide attendants or restraints for Mrs. Murphy while she was in the emergency room and their failure to treat her for her injured shoulder received in the fall was medical malpractice.

Counsel for appellant argues that it is plain and patent medical negligence to leave a stroke victim unattended or unrestrained in an emergency room, and therefore no medical affidavits are required. Further, the failure to treat plaintiff's dislocated shoulder for a period of four days under the circumstances is also plain medical malpractice which requires no medical expert proof to show.

■ We find that expert medical opinion evidence is required in this case to refute defendants' medical proof.

■ There can be no doubt that the negligence of the defendant physician usually must be shown by expert testimony. *Bowman v. Henard*, 547 S.W.2d 527 (Tenn. 1977). There is a "common knowledge" exception to the general rule, that is, the medical negligence is as blatant as a "fly floating in a bowl of buttermilk" so that all mankind knows that such things are not done absent negligence. *German v. Nichopoulos*, 577 S.W.2d 197 (Tenn.App. 1978). It should be noted that while *Nichopoulos* was not a case involving a summary judgment, as it involved a directed verdict at the close of a trial, the reasoning contained therein as to a matter of *res ipsa locquitur* is applicable to this case. We see little difference in matters of medical malpractice between the question of the applicability of *res ipsa* at the close of a plaintiff's proof and the common knowledge exception to the expert medical proof requirement in a summary judgment before trial. It seems to us that the inference of negligence obtained by the application of *res ipsa* which creates a jury issue and the common knowledge exception to the requirement of expert testimony in summary judgments are just about Siamese twins in that both require that it

be evident to all, that is judicial notice be taken, that the injury complained of does not ordinarily occur absent negligence. In the *Nichopoulos* case the Court stated, "The court cannot take judicial notice that whenever an injection is given which causes pain and swelling, negligence is ordinarily present *especially so when the proof is to the contrary.*" All the medical proof in that case was to the effect that under the plaintiff's facts negligence could not be presumed. There was no medical proof to the contrary. Applying the *Nichopoulos* rationale to this case, we would be hard put to say that the plaintiff's fact create a "common knowledge to the world" exception to the rule, when there is medical expert proof in the record to the effect that under plaintiff's fact there is no medical negligence.

The real issue created by this appeal is not whether the plaintiffs, by lay opinion, show blatant buttermilk fly floating negligence; but, whether the plaintiff may refute admissible expert opinion evidence by lay opinion evidence. Plaintiffs may not do so.

For the reasons given, the judgment of the trial court is affirmed with costs of appeal adjudged against appellant and surety.

CRAWFORD and FARMER, JJ., concur.