# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 5, 2001 Session

## EDNA COOKSEY, ET AL. v. HCA HEALTH SERVICES OF TENNESSEE, INC.

### Appeal from the Circuit Court for Davidson County
### No. 00C-1936    Hamilton V. Gayden, Jr., Judge

---

### No. M2001-00303-COA-R3-CV - Filed October 30, 2001

---

The only question in this appeal is whether the injury a patient suffered during post-operative care resulted from a medical procedure and, therefore, required expert proof to establish the hospital's liability. The Circuit Court of Davidson County held that the complaint sought damages for professional negligence and that since the plaintiff did not rebut the hospital's motion for summary judgment with any expert proof, the complaint must be dismissed. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed and Remanded

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ, joined.

James M. Balthrop, Springfield, Tennessee, for the appellants Edna Cooksey and Virgil Cooksey.

C. J. Gideon, Jr. and Benjamin Papa, Nashville, Tennessee, for the appellee, HCA Health Services of Tennessee, Inc.

### OPINION

### I.

On July 13, 1999, Edna Cooksey entered the Centennial Medical Center in Nashville for a lumbar laminectomy. In her complaint, Ms. Cooksey alleged that after the surgery two nurses were attempting to move her in her bed and injured her shoulder by using excessive force or an improper procedure. She also alleged that the procedure partially tore a drainage tube from her back causing her to develop an infection. The hospital answered and denied that its employees were negligent in any manner.

The hospital later filed a motion for summary judgment accompanied by the affidavits of the two nurses who transferred Ms. Cooksey from the stretcher to her bed after the operation. Both nurses averred that they used proper procedures in handling Ms. Cooksey. They stated that they were familiar with the acceptable standard of professional nursing care in Davidson County; that in their own acts they conformed to that standard of care; and that based on their review of Ms. Cooksey's medical records related to her treatment at Centennial Medical Center, the hospital and all of its employees complied with that standard of care.

Ms. Cooksey refuted the nurses' version of what happened with her own affidavit and her mother's affidavit. But she did not offer any expert proof that the nurses or the hospital deviated from the recognized standard of care.

## II.

To establish a claim for medical malpractice the plaintiff must ordinarily prove by expert testimony that the defendant failed to act with ordinary or reasonable care according to the recognized standard of acceptable professional practice in the community where the wrongful act occurred. Tenn. Code Ann. § 29-26-115(a). *Stokes v. Leung*, 651 S.W.2d 704 (Tenn. Ct. App. 1982); *Baldwin v. Knight*, 569 S.W.2d 450 (Tenn. 1978). Summary judgment in a medical malpractice case may be appropriate where the defendants produce expert proof that completely refutes the plaintiff's allegations of negligence and the plaintiff does not produce rebuttal proof by expert testimony. *Dolan v. Cunningham*, 648 S.W.2d 652 (Tenn. Ct. App. 1982).

In extraordinary cases where the alleged malpractice is within the common knowledge of a layman, expert testimony is not required. *Baldwin v. Knight*, 569 S.W.2d 450 (Tenn. 1978); *Keeton v. Maury County Hosp.*, 713 S.W.2d 314 (Tenn. Ct. App. 1986). The distinction being:

> [W]hether the acts or omissions complained of involve a matter of medical science or art requiring specialized skills not ordinarily possessed by laypersons or whether the conduct complained of can instead be assessed on the basis of common everyday experience . . . .

*Graniger v. Meth. Hosp. Healthcare Systems, Inc.*, No. 02A01-9309-CV-00201, 1994 WL 496781, at * 3 (Tenn. Ct. App. Sept. 9, 1994).

In *Murphy v. Schwartz*, 739 S.W.2d 777 (Tenn. Ct. App. 1986), two doctors left a stroke victim unattended in a hospital emergency room where she fell from a cot and injured her shoulder. This court held that an unrefuted affidavit by one of the doctors that they complied with the standard of care entitled the defendants to summary judgment. This court said, "We find that expert medical opinion evidence is required in this case to refute defendants' medical proof." 739 S.W.2d at 778. In *Lewis v. Hill*, 770 SW.2d 751 (Tenn. Ct. App. 1988), the plaintiff fell while standing before a fluoroscope during a myelogram. This court said that expert proof was necessary to establish the defendants' negligence because an ordinary layman, having no experience in such matters, could not

make an intelligent judgment about how watchful a physician should be or about how much restraint to use during the procedure. 770 S.W.2d at 753.

In *McBee v. HCA Health Services*, M2000-00271-COA-R3-CV, 2000 WL 1533000 (Tenn. Ct. App. Oct. 18, 2000), this court held that when and how to ambulate a post-operative patient involved specialized skill and training that is not ordinarily possessed by lay persons. *McBee*, M2000-00271-COA-R3-CV, 2000 WL 1533000, at * 3. Therefore summary judgment for the hospital was appropriate when the plaintiffs did not rebut the defendant's expert with an expert opinion that the hospital employees had violated the standard of care. *Id.* The court distinguished *Harvey v. Wolfer*, No. 03A01-9512-CV-00452, 1996 WL 94819 (Tenn. Ct. App. Mar. 6, 1996), where the defendants simply dropped a patient after undertaking to help her. *McBee*, M2000-00271-COA-R3-CV, 2000 WL 1533000, at * 3 (footnote 2). We think *Harvey* is also different from this case, where the defendants' actions involve specialized skill in how to reposition a patient on the bed after a back operation.

We think the facts alleged in the complaint describe an act of medical malpractice. The proper way to move or turn a patient who has undergone a serious back operation is not within the ken of ordinary laypersons. Therefore the negligence of the hospital employees must be established by expert proof.

Ms. Cooksey argues that the incident described in the nurses' affidavits is not the incident which caused injury to her shoulder. The nurses described their actions in moving Ms. Cooksey onto the bed after her surgery. Ms. Cooksey says she was hurt when the nurses attempted to reposition her on the bed after she returned from the restroom.

We think, however, that the plaintiffs have shifted their argument on appeal from the issue argued in the trial court. The defendants responded with affidavits to the incident described in the complaint. The plaintiffs did not assert in the trial court that their case was based on a separate incident. Instead, their whole argument was that they are not required to prove their case by expert evidence. Since the separate incident issue was not raised in the trial court, it cannot be raised for the first time here. *See Norton v. McCaskill*, 12 S.W.3d 789 (Tenn. 2000). Further, we believe that whether Ms. Cooksey was being moved from the stretcher to a position on the bed or whether she was being returned to the bed after visiting the restroom, the degree of skill and care required of the defendants is the same. The defendants' motion for summary judgment, supported by affidavits, put the plaintiffs on notice that their ability to prove their case was being challenged. As the Supreme Court said in *Byrd v. Hall*:

> [A] party may move for summary judgment demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for directed verdict. If, after a sufficient time for discovery has elapsed, the nonmoving party is unable to demonstrate that he or she can indeed do so, summary judgment is appropriate.

*Byrd*, 847 S.W.2d 208, 213 (Tenn. 1993). Although that excerpt speaks of facts in general, we think it applies with equal force to facts that must be proved by expert testimony.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellants, Edna and Virgil Cooksey .

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.