IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 18, 2002 Session

## NELDA JUNE AGE v. HCA HEALTH SVCS. OF TN., INC. d/b/a CENTENNIAL MEDICAL CENTER

**Appeal from the Circuit Court for Davidson County**
**No. 00C-1604     Hamilton V. Gayden, Jr., Judge**

**No. M2001-01286-COA-R3-CV - Filed June 7, 2002**

This is an action for damages for personal injuries to a patient who claims that her injuries resulted from the ordinary negligence of the Hospital's employees, as contrasted to their medical malpractice. The trial judge concluded, in ruling on the motion of the Hospital for summary judgment, that the event described by the plaintiff, if actionable, sounded in malpractice, thus requiring expert proof. We agree. The motion of the appellee to recover discretionary costs was denied without elaboration. We find that certain costs identified in Rule 54.04(2) are properly recoverable.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified and Remanded**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, J.J., joined.

Richard McCallister Smith, Nashville, Tennessee, for the appellant, Nelda June Age.

Clarence James Gideon and Margaret James Moore, Nashville, Tennessee, for the appellee, HCA Health Services of Tennessee, Inc. d/b/a Centennial Medical Center.

**OPINION**

**I.**

The plaintiff alleged that employees of the defendant Hospital fractured her right arm while moving her to a CT table following mitral valve surgery.

She alleges, as grounds for the recovery of damages, (1) a battery;  (2) breach of contract to deliver health care; (3) negligence, per se, because the fracture would not have occurred in the absence of negligence; (4) corporate negligence.

The answer admitted that following the plaintiff's complaint of pain in her right arm, an x-ray examination revealed a comminuted fracture of the proximal right humerus involving the humeral head with displacement. All allegations of negligence were denied; a battery and breach of contract were denied.

## II.

The defendant moved for summary judgment, alleging that there was no genuine issue of material fact. Rule 56, Tenn. R. Civ. P. In support of its motion, the defendant filed the affidavits of Dr. Wesley Coker, and April Maynor, R.N., and portions of the depositional testimony of Dr. Coker and Dr. William Blake Garside, Jr. The thrust of this Rule 56 proof was that the cause of the plaintiff's shoulder injury was a grand mal seizure which was not within the common knowledge of lay persons.

The plaintiff filed no countervailing evidence on the issue of causation, insisting that expert testimony was not required because her action sounded in ordinary negligence. The trial judge disagreed, holding that the Medical Malpractice Act controlled and that expert testimony is necessary to establish liability and causation in malpractice actions unless the common knowledge exception is applicable.

The plaintiff appeals and presents for review the issues of (1) whether her action is one of malpractice as opposed to ordinary negligence, and (2) if her action is governed by the Medical Malpractice Act, whether the common knowledge exception is applicable. The appellee presents for review the propriety of the denial of discretionary costs. Our review is *de novo* on the record with no presumption of correctness. ***Carvell v. Bottoms***, 900 S.W.2d 23 (Tenn. 1995).

## IV.

The plaintiff testified that she was 64 years old, and was hospitalized for a surgical procedure involving her heart. While being moved onto a table following surgery for the purpose of a CT, her arm, positioned parallel to her body, was hurting and she heard her arm pop. The procedure utilized by the hospital technicians is commonly known as log-rolling. The plaintiff could not describe any traumatic event preceding the sudden on-set of pain other than her testimony that her right arm and shoulder "were contacted" by the technicians while she was being transferred to the CT table. Her testimony is reproduced verbatim:

> I see the board they were putting under me. I told them, I said, you're hurting my arm . . . I heard my arm pop. I said, you have broken my arm. That girl to the right of me said, watch it. Her arm is caught. I don't know what my arm was caught on or anything about it.

## V.

Dr. Wesley Coker, an orthopedic surgeon, diagnosed the fracture of the plaintiff's right humeral head. He testified that this type of fracture, with dislocation, was caused by a grand mal seizure. Dr. William Blake Garside, Jr., an orthopedic surgeon, was also of the opinion the fracture dislocation was consistent with a grand mal seizure. It was also Dr. Coker's opinion that no employee of the hospital caused or failed to prevent the injury to the plaintiff.

April Maynor, a Registered Nurse, testified that the plaintiff had a mitral valve replacement on April 18, 1997. The day following, she was unresponsive, and her cardiac surgeon ordered a stat CT. She was transported to the radiology department by the affiant and another registered nurse, Olive Powell. Ms. Maynor described the procedure of removing the plaintiff from her bed to the CT table, known as log-rolling, as follows:

> We lifted the bottom sheet off of Ms. Age's bed, and log-rolled her towards us, while the radiology technician placed a blue board under Ms. Age. Nurse Powell, the radiology technician, and I then transferred Ms. Age to the CT table by pulling Ms. Age's bed sheets and the blue board onto the CT table, neither Ms. Age's right arm nor her right shoulder was touched in this process.

## VI.

The trial court concluded that the plaintiff's claim against the hospital involved malpractice, and was governed by the Medical Malpractice Act, Tenn. Code Ann. §§ 29-261-115, *et seq*., which provides that a claimant has the burden of proving the recognized standard of acceptable professional practice, and that the defendants acted with less than or failed to act with ordinary and reasonable care in accordance with such standard which proximately caused the plaintiff's injuries.

The inferential thrust of the plaintiff's argument is essentially *res ipsa loquitur*. Plaintiff's claim is directed to the assertion that her arm was broken - in some undescribed manner - while she was being moved, and that the traumatic event was the result of negligence of the hospital's employees, also undescribed.

In light of the testimony of Drs. Coker and Garside, and April Maynor, R. N., unrebutted by the plaintiff, who offered no affidavit addressing the issue of causation, the motion for summary judgment was granted pursuant to **Byrd v. Hall**, 847 S.W.2d 208 (Tenn. 1993).

## VII.

Causation must be proved by expert testimony unless the matter is within the common knowledge of lay persons. *See*, **German v. Nichopoulus**, 577 S.W.2d 197 (Tenn. Ct. App. 1978), **Seavers v. Methodist Medical Center of Oak Ridge**, 9 S.W.3d 86 (Tenn. 1999).

The plaintiff's claim is that hospital employees injured her when they moved her to a table for a CT scan which had been ordered immediately by her cardiac surgeon because of difficulties she was experiencing the day after surgery. Her claim is that the nurses who moved her were negligent. If the proper method for moving a post-operative patient from surface to surface in a hospital for medical procedures ordered by a physician is within the common knowledge of a layperson, the plaintiff is not required to counter the defendant's expert testimony on causation with expert testimony of her own. On the other hand, if the act or omissions complained of, herein moving the plaintiff, involves a matter of medical science or art requiring specialized skills not ordinarily possessed by lay persons, then the claim is one of medical malpractice, and the plaintiff must establish causation by expert testimony.

This court recently addressed a similar situation and held that "[t]he proper way to move or turn a patient who has undergone a serious back operation is not within the ken of ordinary lay persons." *Cooksey v. HCA Health Services of Tennessee, Inc.*, No M2001-00303-COA-R3-CV, 2001 WL 1328539, at *3 (Tenn. Ct. App. Oct. 30, 2001). We are convinced the same conclusion applies herein. Specialized training and knowledge is required in transporting or moving post-surgical patients and in preparing them for medical procedures. Thus, the plaintiff must establish her claim through expert testimony.

In *Tucker v. Metropolitan Government*, 686 S.W.2d 87 (Tenn. Ct. App. 1984), the decedent was taken to the ER in an unconscious state. The decision was made to leave the decedent on a stretcher for several hours. He awakened and fled the hospital and was killed by a car. The issue was malpractice *vis-a-vis* ordinary negligence, failure to supervise. We concluded that expert testimony was required because the degree of supervision necessary for such a patient was not within the knowledge of lay persons. Of similar import is *Murphy v. Schwartz*, 739 S.W.2d 777 (Tenn. Ct. App. 1986), involving a patient who fell from a cot in the emergency room and suffered injuries. See, also, *Lewis v. Hill*, 770 S.W.2d 751 (Tenn. Ct. App. 1988), and *Graniger v. Methodist Hospital Healthcare Systems, Inc.*, 1994 WL 496781 (Tenn. Ct. App. 1994), involving a claimant who fractured her arm while attempting to alight unassisted from an examination table. Further, see *Peete v. Shelby County Health Care Corp.*, 938 S.W.2d 693 (Tenn. Ct. App. 1996): *Estate of Doe v. Vanderbilt University, Inc*., 958 S.W.2d 117 (Tenn. Ct. App. 1997).

We conclude the motion for summary judgment was properly granted.

## VIII.

The appellee complains of the refusal of the trial judge to award discretionary costs pursuant to Rule 54.04. The costs identified in Rule 54 that may be recoverable are reasonable and necessary reporter expenses for depositions and trials, and reasonable and necessary expert witness fees for depositions or trials. We have generally held that a prevailing party who files a timely, supported motion satisfying Rule 54.04(2) should be awarded reasonable and necessary costs. *See, e.g. Stalsworth v. Grummas*, 36 S.W.3d 832. While the recovery of discretionary costs is not *pro forma*, and judicial discretion is involved, such discretion is necessarily limited by the Rule and the factors

-4-

mentioned.  With these principles in mind, we concluded that the reporting costs and expert witness fees incurred by the appellee, if found to be recoverable and necessary, are properly recoverable under Rule 54.04(2).  The judgment, as modified, is affirmed.  The case is remanded for the purpose of determining the amount of discretionary costs recoverable by the appellee.  Court costs are assessed to the appellant.

WILLIAM H. INMAN, SENIOR JUDGE