IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
January 19, 2005 Session

## MATTIE P. PATTERSON, Surviving Spouse of LARRY PATTERSON, Deceased v. MUHAMMAD ARIF

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-001771-03     James F. Russell, Judge**

---

**No. W2004-01837-COA-R3-CV - Filed February 14, 2005**

---

The trial court awarded summary judgment to Defendant physician and dismissed Plaintiff's action upon finding it was one for medical malpractice and that Plaintiff had failed to offer competent expert proof of negligence as required by Tennessee Code Annotated § 29-26-115. Plaintiff appeals, asserting the trial court erred in determining the action was not one for ordinary negligence and that the alleged negligence of Defendant was not within the common knowledge exception. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

William T. Winchester, Memphis, Tennessee, for the appellant, Mattie P. Patterson.

Jerry O. Potter and Katherine M. Anderson, Memphis, Tennessee, for the appellee, Muhammad Arif, M.D.

## OPINION

On March 28, 2003, Mattie Patterson (Ms. Patterson) filed a wrongful death cause of action against Dr. Muhammad Arif (Dr. Arif), a licensed physician whose office is on Knight Arnold Road in Memphis. In her complaint, Ms. Patterson alleges that on April 1, 2002, she telephoned Dr. Arif's office because her husband, Larry Patterson (Mr. Patterson), was experiencing shortness of breath. She alleges that Dr. Arif's staff instructed her to bring Mr. Patterson to his medical office and told her that Mr. Patterson could not be admitted to the hospital from home. Ms. Patterson submits she and her son, Larry Patterson, Jr. ("Son"), took Mr. Patterson to Dr. Arif's office and that Son requested that Mr. Patterson be given oxygen and be admitted to the adjoining Delta Medical Center. According to Ms. Patterson's complaint, Dr. Arif instructed them to take Mr. Patterson to St. Francis Hospital, which is miles away from Dr. Arif's office. Ms. Patterson alleges that Dr. Arif's nurse

took Mr. Patterson's blood pressure but administered no other care. Ms. Patterson further submits that she and Son assisted Mr. Patterson to the car without a wheelchair or any assistance from Dr. Arif and that, as they were exiting the parking lot, Mr. Patterson stopped breathing. Ms. Patterson and Son immediately took Mr. Patterson to the Delta Emergency Room, where Mr. Patterson was diagnosed to be in full cardiac arrest. He was resuscitated, but remained comatose. After five hours, Mr. Patterson suffered another arrest and died. Ms. Patterson asserts that on the day Mr. Patterson died, Dr. Arif stated to her that he "did not realize [Mr. Patterson] was that bad." In her complaint, Ms. Patterson alleges that Dr. Arif breached his duty of care to Mr. Patterson and that this breach was the direct and proximate cause of Mr. Patterson's cardiac arrest and death. She prayed for a trial by jury and damages in the amount of $1,000,000.

Dr. Arif answered the complaint on April 29. In his answer, Dr. Arif denied Ms. Patterson's allegations of breach of the standard of care and further denied that any actions or omissions on his part proximately caused Mr. Patterson's death. On November 4, Dr. Arif filed a motion for summary judgment and statement of undisputed facts. In his statement, Dr. Arif stated that, based on his professional opinion, he complied with the applicable standard of care. Ms. Patterson responded to Dr. Arif's motion on January 2, 2004. In her response, she submitted the action was one for wrongful death based on ordinary negligence and medical malpractice. She stated, "the ordinary negligence issue does not require a medical expert to raise a disputed material issue." Ms. Patterson did not file an expert affidavit, but attached Son's affidavit to her response. In March 2004, Dr. Arif filed an expert affidavit again denying breach of the standard of care. On June 21, 2004, the trial court granted Dr. Arif's motion for summary judgment and dismissed Ms. Patterson's complaint. In its order, the trial court found Ms. Patterson's action was one for medical malpractice and that Ms. Patterson did not offer competent expert proof that Dr. Arif had breached the standard of care as required in a medical malpractice action under Tennessee Code Annotated § 29-26-115.[1]   Ms.

---

[1]Tennessee Code Annotated 29-26-115 provides:

(a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
  (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
  (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
  (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.
  (b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection when it determines that the appropriate witnesses otherwise would not be available.

(continued...)

Patterson filed a timely notice of appeal to this Court on July 6, 2004.

### *Issues Presented*

Ms. Patterson raises the following issues for our review:

(1)     Whether the trial court erred in granting summary judgment for the Defendant by finding that this case was not a case of ordinary negligence, but was a medical malpractice case which required expert testimony.

(2)     Whether the trial court erred in granting summary judgment for the Defendant by finding that the actions and omissions of the Defendant were not within the ordinary knowledge of a layperson.

### *Standard of Review*

Summary judgment is appropriate only when the moving party can demonstrate that there are no disputed issues of material fact, and that it is entitled to judgment as a matter of law.  Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party moving for summary judgment must affirmatively negate an essential element of the nonmoving party's claim, or conclusively establish an affirmative defense. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998).

When a party makes a properly supported motion for summary judgment, the burden shifts to the nonmoving party to establish the existence of disputed material facts.  *Id.*  A mere assertion that the nonmoving party has no evidence does not suffice to entitle the moving party to summary judgment.  *Id.*  In determining whether to award summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000).  The court should award summary judgment only when a reasonable person could reach only one conclusion based on the facts and the inferences drawn from those facts.  *Id.*  Summary judgment is not appropriate if there is any doubt about whether a genuine issue of material fact exists.  *McCarley*, 960 S.W.2d at

---

[1](...continued)

        (c) In a malpractice action as described in subsection (a), there shall be no presumption of negligence on the part of the defendant; provided, there shall be a rebuttable presumption that the defendant was negligent where it is shown by the proof that the instrumentality causing injury was in the defendant's (or defendants') exclusive control and that the accident or injury was one which ordinarily doesn't occur in the absence of negligence.

        (d) In a malpractice action as described in subsection (a), the jury shall be instructed that the claimant has the burden of proving, by a preponderance of the evidence, the negligence of the defendant. The jury shall be further instructed that injury alone does not raise a presumption of the defendant's negligence.

Tenn. Code Ann. §29-26-115(Supp. 2004).

588. We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

*Analysis*

Ms. Patterson's argument before this Court, as we perceive it, is two-fold. First, she asserts that this is not a medical malpractice case, but one for ordinary negligence. Second, she asserts that, if this is a malpractice action, expert testimony was not required to establish breach of the standard of care because "[i]t is within the common knowledge of a layperson that a physician, or his staff, who is called by a patient experiencing shortness of breath, should advise that patient to call an ambulance or go to an emergency room." We disagree with both assertions.

Medical malpractice is but one particular type of negligence. *Gunter v. Lab. Corp. of America*, 121 S.W.3d 636, 639 (Tenn. 2003). Tennessee Code Annotated section 29-26-115 codifies the common law elements of negligence insofar as they are to be applied to medical malpractice actions. *Id.* When a negligence claim arises from injuries which result from negligent medical treatment, the action is one for medical malpractice. *Id.* at 640. In *Gunter*, the Tennessee Supreme Court articulated the analysis to be used in Tennessee to distinguish claims for medical malpractice from claims for ordinary negligence. The *Gunter* court held,

> when a claim alleges negligent conduct which constitutes or bears a substantial relationship to the rendition of medical treatment by a medical professional, the medical malpractice statute is applicable.

*Id.* at 641.

In light of the allegations as put forth in Ms. Patterson's complaint, this action is clearly one for medical malpractice. The actions and omissions which Ms. Patterson's alleges as negligence on the part of Dr. Arif, namely, Dr. Arif's failure to direct Mr. Patterson to go immediately to the nearest emergency room, were undisputedly related to the rendition of the medical treatment sought by Mr. Patterson. Dr. Arif's actions were clearly based on medical decisions. Accordingly, the action is governed by Tennessee Code Annotated section 29-26-115.

Ms. Patterson asserts, however, that the she was not required to offer expert proof of Dr. Arif's breach of the standard of care because it is "within the common knowledge of a layperson that a person experiencing shortness of breath is experiencing a medical emergency . . . [and] should go, or be taken to, an emergency room." She accordingly asserts that the "common knowledge" exception to the statutory requirement that medical negligence must be established by expert testimony is applicable in this case.

The "common knowledge" exception to the general rule is applicable when "the medical negligence is as blatant as a 'fly floating in a bowl of buttermilk' so that all mankind knows that such things are not done absent negligence." *Murphy v. Schwartz*, 739 S.W.2d 777, 778 (Tenn. Ct. App.

-4-

1986) (quoting *German v. Nichopoulos*, 577 S.W.2d 197 (Tenn. App.1978)).  In *Murphy v. Schwartz*, Ms. Murphy suffered a stroke while at home and was taken by ambulance to the Madison County General Hospital.  *Id.*  She was left unattended and unrestrained on a cot in the emergency room, fell from the cot, and suffered injuries.  *Id.*  Additionally, the defendant physicians allegedly failed to treat her properly for the injuries which resulted from the fall.  *Id.*  Defendants in Murphy filed a motion for summary judgment with an affidavit of one of the defendant physicians that he "was familiar with the medical standard of care in the community and that neither the affiant or the other doctor defendant at any time fell below the community standard of care in the examination or treatment of Mrs. Murphy."  *Id.*  Plaintiffs in Murhpy failed to offer expert proof of negligence, and the trial court awarded summary judgment to the defendants.  *Id.*  Upon appeal, plaintiff asserted the "common knowledge" exception, arguing that

> it is plain and patent medical negligence to leave a stroke victim unattended or unrestrained in an emergency room, and therefore no medical affidavits are required. Further, the failure to treat plaintiff's dislocated shoulder for a period of four days under the circumstances is also plain medical malpractice which requires no medical expert proof to show.

*Murphy v. Schwartz*, 739 S.W.2d 777, 778 (Tenn. Ct. App. 1986).  This court affirmed summary judgment for the defendants, holding,

> we would be hard put to say that the plaintiff's fact create a "common knowledge to the world" exception to the rule, when there is medical expert proof in the record to the effect that under plaintiff's fact there is no medical negligence.
>
> The real issue created by this appeal is not whether the plaintiffs, by lay opinion, show blatant buttermilk fly floating negligence; but, whether the plaintiff may refute admissible expert opinion evidence by lay opinion evidence. Plaintiffs may not do so.

*Id.* at 779.

As in *Murphy*, in the case before us, there is expert proof in the record that there was no medical negligence.  Further, we cannot say that it is within the common knowledge of the layperson that a person suffering shortness of breath, without more, and Ms. Patterson does not allege additional symptoms, should be taken immediately to the emergency room.  Indeed, this obviously was not within the common knowledge of Ms. Patterson or Son.  Ms. Patterson may not refute Dr. Arif's expert opinion regarding a decision made in the course of rendering medical care with lay opinion evidence in this case.

### *Holding*

In light of the foregoing, we affirm the trial court's award of summary judgment to Dr. Arif.

This cause of action sounds in medical malpractice, and Ms. Patterson failed to offer competent expert proof, as required by section 29-26-115, to refute the expert proof offered by Dr. Arif.  Costs of this appeal are taxed to the Appellant, Mattie Patterson, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE