FILED
06/12/2020
Clerk of the
Appellate Courts

# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
April 1, 2020 Session[1]

## LATAISHA M. JACKSON v. CHARLES ANTHONY BURRELL ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Shelby County**
**No. CT-000328-15  Valerie L. Smith, Judge**

———————————————————

## No. W2018-00057-SC-R11-CV

———————————————————

The question presented in this health care liability case is whether the plaintiff's claim against a salon for negligent training, supervision, and retention of a massage therapist should be dismissed because the plaintiff did not file a certificate of good faith with her complaint under section 29-26-122 of the Tennessee Health Care Liability Act ("the Act"). Our answer depends on whether the common knowledge exception applies— that is, whether laypersons using their common knowledge and without expert testimony could decide whether the salon was negligent. If the common knowledge exception does not come into play and expert testimony is necessary, then the plaintiff needed to file a certificate of good faith with her complaint certifying that her negligence claim was supported by a competent expert witness and that there was a good faith basis for the claim. Here, the plaintiff alleged that a massage therapist working for the salon sexually assaulted her during a massage. In support of her claim of negligent training, supervision, and retention, the plaintiff presented evidence that before her assault, the salon had received complaints from two customers that the massage therapist had acted inappropriately and made them feel uncomfortable. The trial court granted summary judgment to the salon because the plaintiff had not filed a certificate of good faith. The Court of Appeals affirmed, ruling that the plaintiff had waived the common knowledge exception and that, in any event, expert testimony was necessary. We reverse and hold that 1) the plaintiff did not waive the common knowledge exception; and 2) the plaintiff's claim against the salon for negligent training, supervision, and retention of the massage therapist was within the common knowledge of laypersons and did not require expert testimony about the standard of care in the massage industry. Thus, the plaintiff did not have to present expert proof to establish her negligence claim against the salon. It follows then that the plaintiff had no reason to file a certificate of good faith under section 29-26-122, and her claim is not subject to dismissal for noncompliance with this section. The trial court's award of summary judgment is vacated.

———————————

[1] We heard oral argument through videoconference under this Court's emergency Order of March 25, 2020, restricting court proceedings because of the COVID-19 pandemic.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed; Order of the Trial Court Vacated; Remanded to the Trial Court**

SHARON G. LEE, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

R. Sadler Bailey and J. Vance Montgomery, Memphis, Tennessee, for the appellant, Lataisha M. Jackson.

Charles W. Hill, Robert B. C. Hale, and Danielle Rassoul, Memphis, Tennessee, for the appellee, Gould's Salons, Inc. d/b/a Gould's Day Spa & Salon.

Warren D. McWhirter, Germantown, Tennessee, for the appellee, Charles Anthony Burrell.

**OPINION**

**I.**

This case arises out of Lataisha Jackson's claim that Charles Anthony Burrell, a massage therapist for Gould's Day Spa & Salon in Cordova, Tennessee, sexually assaulted Ms. Jackson during an April 2014 massage.

Before the alleged assault, two customers had complained to Gould's about Mr. Burrell's conduct. In December 2013, a customer emailed Gould's claiming that Mr. Burrell had made her extremely uncomfortable during her massage. She stated that he had "[come] way too close to places he had no business touching." This customer told Gould's that Mr. Burrell had not touched her in any inappropriate places, but he had "grazed more than once and that's not ok." And in March 2014, a second customer called Gould's and reported that Mr. Burrell had made her uncomfortable during her massage and "was very inappropriate." Gould's gave these customers gift cards to refund the charges for their massages. Mr. Burrell had been a licensed massage therapist since 2002, began working for Gould's in 2012, and had performed thousands of massages with no complaints. No disciplinary complaints had been filed against him with the Tennessee Board of Massage Licensure, and there had been no criminal charges filed. Mr. Burrell had previously given Ms. Jackson a massage in February 2014 without incident.

In January 2015, Ms. Jackson sued Gould's in the Shelby County Circuit Court alleging that Gould's was negligent in its training, supervision, and retention of Mr. Burrell. Ms. Jackson also raised other claims, including a claim for negligent hiring and vicarious liability against Gould's and claims against Mr. Burrell for assault and battery,

intentional or reckless infliction of emotional distress, and false imprisonment. These claims are not at issue in this appeal.[2]

Gould's is a "health care provider" under the Act.[3] In a health care liability case in which expert testimony is required, a plaintiff must file with her complaint a certificate of good faith. In the certificate, the plaintiff or her counsel must confirm that she or her counsel consulted with one or more experts who provided a signed written statement that they were competent to testify under the requirements of Tennessee Code Annotated section 29-26-115 and that there was a good faith basis for the health care liability action. Tenn. Code Ann. § 29-26-122(a) (2012). Failure to file a good faith certificate subjects a complaint to dismissal with prejudice. *Id.* § 29-26-122(c). Ms. Jackson did not file a certificate of good faith, explaining that her claim against Gould's for negligent training, supervision, and retention of an employee was not a health care liability action in which expert testimony was required by Tennessee Code Annotated section 29-26-115.

The trial court granted summary judgment to Gould's based on Ms. Jackson's failure to file a certificate of good faith with her complaint.[4]

Ms. Jackson appealed. First, the Court of Appeals ruled that Ms. Jackson had waived the common knowledge exception by not raising the issue in the trial court or in the appellate court. *Jackson v. Burrell*, No. W2018-00057-COA-R3-CV, 2019 WL 237347, at *5 (Tenn. Ct. App. Jan. 16, 2019), *perm. app. granted* (Tenn. Aug. 21, 2019). The Court of Appeals then held that, even if Ms. Jackson had not waived the issue, the common knowledge exception did not apply and that expert proof was needed to establish the applicable standard of care in the massage industry. *Id.* at *6. Noting that

---

[2] The trial court dismissed these claims on summary judgment except for the negligent hiring claim, which Ms. Jackson agreed should be dismissed. The Court of Appeals reversed the trial court's award of summary judgment to Mr. Burrell, holding that the intentional tort claims against him were unrelated to the provision of health care services and not subject to the requirements of the Act. *Jackson v. Burrell*, No. W2018-00057-COA-R3-CV, 2019 WL 237347, at *4 (Tenn. Ct. App. Jan. 16, 2019), *perm. app. granted* (Tenn. Aug. 21, 2019). Mr. Burrell did not seek review of that ruling, and the intentional tort claims against him are not at issue in this appeal. The Court of Appeals affirmed summary judgment on Ms. Jackson's vicarious liability claim against Gould's. Ms. Jackson did not seek review of that ruling.

[3] The Tennessee Health Care Liability Act defines a health care provider as "[a] health care practitioner licensed, authorized, certified, registered, or regulated under any chapter of [Tennessee Code Annotated] title 63 or title 68 . . . ." Tenn. Code Ann. § 29-26-101(a)(2)(A) (2012). Gould's is licensed and regulated under the Massage Licensure Act of 1995, Tennessee Code Annotated sections 63-18-101 to -116.

[4] Gould's also asserted in its motion for summary judgment that Ms. Jackson had signed a waiver before her massage that barred her claims against Gould's and that Gould's was not vicariously liable for Mr. Burrell's intentional torts. The trial court's award of summary judgment based on Ms. Jackson's failure to file a certificate of good faith pretermitted these issues.

Gould's had received two customer complaints about Mr. Burrell, the Court of Appeals concluded that neither customer had accused Mr. Burrell of sexual assault and that Ms. Jackson failed to establish what Gould's did or did not do after receiving these complaints. *Id.* The Court of Appeals found that without this evidence, the ordinary layperson lacked the necessary knowledge to decide whether Gould's violated the massage industry standard in training, supervising, or retaining Mr. Burrell. *Id.*

One member of the Court of Appeals panel disagreed with the majority's ruling on the certificate of good faith issue. *Id.* at \*6 (Stafford, P.J., W.S., concurring in part and dissenting in part). This judge found that Ms. Jackson had raised the common knowledge exception in the trial court and that Gould's, which had the burden of proving waiver, had not asserted the issue. *Id.* at \*7. Finding no waiver, the dissenting judge determined that the common knowledge exception applied because an ordinary layperson could determine whether Gould's, after receiving customer complaints about Mr. Burrell, was negligent in allowing him to keep performing massages on disrobed customers. *Id.* at \*10. In the dissenting judge's view, expert testimony was unnecessary because "this is exactly the type of question that can be answered by 'practical experience gained in the ordinary affairs of life,'" and it was "not a complex idea limited to 'the massage industry.'" *Id.* (citation omitted).

This Court granted Ms. Jackson's application for permission to appeal to determine whether Ms. Jackson waived the issue of the common knowledge exception, and if not, whether the common knowledge exception applied to Ms. Jackson's claim for negligent training, supervision, and retention so that she did not need to file a certificate of good faith with her complaint.

## II.

### *Waiver*

The material facts here are not in dispute. The issues of waiver and the application of the common knowledge exception present us with questions of law which we review de novo, with no presumption of correctness or deference to the decisions of the lower courts. *Bryant v. Bryant*, 522 S.W.3d 392, 399 (Tenn. 2017) (citing *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Parker v. Holiday Hospitality Franchising*, 446 S.W.3d 341, 346 (Tenn. 2014)).

We first address the matter of waiver because a party may not raise an issue on appeal that was not raised in the trial court.[5] The party invoking waiver has the burden of

---

[5] *Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 511 (Tenn. 2010) (citing *Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006); *City of Cookeville ex rel. Cookeville Reg'l Med. Ctr. v. Humphrey*, 126 S.W.3d 897, 905–06 (Tenn. 2004); Tenn. R. App. P. 3, adv. comm'n cmt., subdiv. (e)).

showing that the other party did not raise the issue in the trial court.[6] Gould's neither carried this burden nor argued that Ms. Jackson had waived the common knowledge exception. Instead, Gould's argued the merits of the issue—that the common knowledge exception did not apply and that Ms. Jackson had to file a certificate of good faith.

We find that Ms. Jackson raised the common knowledge exception both in the trial court and in the Court of Appeals. Ms. Jackson asserted in her complaint that she was not filing a certificate of good faith because her claim did not arise out of any diagnosis, treatment, or care, but arose out of a sexual battery that occurred while she was on the premises and a patron of Gould's. The complaint alleged, in part, that the negligent training, supervision, and retention of Mr. Burrell by Gould's proximately caused Ms. Jackson's injuries and damages.

In her response to the motion for summary judgment, Ms. Jackson argued that Gould's was negligent in its training, supervision, and retention of Mr. Burrell and had placed Mr. Burrell in a position to commit the alleged sexual assault. Ms. Jackson then invoked the common knowledge exception, citing the distinction between ordinary negligence and health care liability, which "turns on whether the acts or omissions complained of . . . can . . . be assessed on the basis of common everyday experience of the trier of fact." Ms. Jackson's response stated that "[i]t would be obvious to any layperson that Defendant Gould's owed a duty of care to place Plaintiff in the hands of a properly trained and supervised massage therapist without the potential for any sort of unwanted touching of a sexual nature . . . ." Ms. Jackson also argued that the two previous customer complaints received by Gould's were sufficient evidence to overcome Gould's motion for summary judgment.

Arguing to the trial court that expert testimony was not necessary, Ms. Jackson's attorney said:

This case does not require expert proof. A jury does not need to be told that Gould's [had] been provided with notice that they have a potential claim, any claim that they have under their employment a sexual predator. Gould['s] has a duty to protect their customers from a sexual predator. Now, do we need an expert to tell us that. I don't understand what expert would we need to say that Gould's, if they [have] notice of a potential sexual predator has a duty to protect their customers. It is not the healthcare act. This sexual battery is criminal conduct. It does not require expert proof.

---

[6] *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) (citing *Waste Conversion Sys., Inc. v. Greenstone Indus., Inc.*, 33 S.W.3d 779, 783 (Tenn. 2000); *Smith v. Smith*, 989 S.W.2d 346, 348 (Tenn. Ct. App. 1998)).

While Ms. Jackson may not have used the term "common knowledge exception," her pleadings and arguments in the trial court show that she relied on the common knowledge exception.

Ms. Jackson also contended in a section of her brief to the Court of Appeals that the common knowledge exception applied to her negligence claim. Gould's, in turn, devoted four pages of its brief in the Court of Appeals to a section titled "The Common Knowledge Exception Does Not Excuse Appellant's Failure to File the Required Certificate of Good Faith." Gould's was not denied an opportunity to respond to this issue.[7]

We interpret and apply our rules in a way that allows us to consider appeals on their merits. *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) (citing Tenn. R. App. P. 1). About questions of waiver on appeal, we "should not exalt form over substance." *Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 511 (Tenn. 2010). Even though the parties used the term "common knowledge exception" for the first time on appeal, this does not amount to waiver. *Id.* (citing *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 143 n.1 (Tenn. 2001)) ("The fact that the party phrased the question or issue in the trial court in a different way than it does on appeal does not amount to a waiver of the issue."); *Fahrner*, 48 S.W.3d at 143 n.1 (finding that "the failure to use the right label" for a claim did not cause a waiver of that claim on appeal).

In sum, Ms. Jackson maintained in the trial court and in the Court of Appeals that her claim did not require expert testimony. Thus, she did not waive this argument, and the common knowledge exception is properly before this Court.

### *Common Knowledge Exception*

The resolution of this case depends on whether the common knowledge exception applies. In health care liability cases, this exception comes into play when the subject matter of the alleged misconduct is "within the understanding of lay members of the public." Joseph H. King, *The Common Knowledge Exception to the Expert Testimony Requirement for Establishing the Standard of Care in Medical Malpractice*, 59 Ala. L. Rev. 51, 62–63 (2007) ("*The Common Knowledge Exception*"). The practical effect of applying the common knowledge exception is that the plaintiff need not produce expert testimony to prove the elements set forth in section 29-26-115(a) of the Act—the standard of care applicable to the defendant, a deviation from that standard of care, and a resulting injury that would not have otherwise occurred. It follows that if the plaintiff does not have to present expert testimony at trial to prove her case, then she need not file a certificate of good faith confirming that the negligence claim is supported by a

---

[7] *See Jackson*, 2019 WL 237347, at *7 (citing *Shaw v. Gross*, No. W2017-00441-COA-R3-CV, 2018 WL 801536, at *4 (Tenn. Ct. App. Feb. 9, 2018)).

competent expert witness and that there is a good faith basis for the claim. *See* Tenn. Code Ann. § 29-26-122(a).

The common knowledge exception is part of the law in many states, including Tennessee. *See, e.g.*, *Ex Parte Healthsouth Corp.*, 851 So. 2d 33, 39 (Ala. 2002) (quoting *Tuscaloosa Orthopedic Appliance Co. v. Wyatt*, 460 So. 2d 156, 161 (Ala. 1984)) ("reformulat[ing]" the common knowledge exception to recognize its application to cases "'where want of skill or lack of care is so apparent . . . as to be understood by a layman, and requires only common knowledge and experience to understand it'"); *Revels v. Pohle*, 418 P.2d 364, 366 (Ariz. 1966) (quoting *Boyce v. Brown*, 77 P.2d 455, 457 (Ariz. 1938)) (recognizing an exception to the requirement of expert testimony when "'the negligence is so grossly apparent that a layman would have no difficulty in recognizing it'"); *District of Columbia v. Hampton*, 666 A.2d 30, 36 (D.C. 1995) (noting that expert testimony is not required "when the issue before the jury [does] not involve either a subject too technical for lay jurors to understand or the exercise of sophisticated professional judgment"); *McClure v. Clayton Cnty. Hosp. Auth.*, 336 S.E.2d 268, 271 (Ga. Ct. App. 1985) (quoting *Killingsworth v. Poon*, 307 S.E.2d 123, 125 (Ga. Ct. App. 1983)) (stating that the common knowledge exception applies when "'the case concerns matters which juries must be credited with knowing by reason of common knowledge'"); *Craft v. Peebles*, 893 P.2d 138, 149 (Haw. 1995) (citing *Rosenberg ex rel. Rosenberg v. Cahill*, 492 A.2d 371, 374 (N.J. 1985)) (explaining that the common knowledge exception transforms a medical negligence case "'into an ordinary negligence case, thus obviating the need for expert testimony'"); *Oswald v. LeGrand*, 453 N.W.2d 634, 640 (Iowa 1990) (finding that a doctor's responsibility to attend to a patient "screaming hysterically that she was about to give birth" in a hospital hallway was within the common knowledge of a layperson); *Hare v. Wendler*, 949 P.2d 1141, 1147 (Kan. 1997) (quoting *Webb. v. Lungstrum*, 575 P.2d 22, 25 (Kan. 1978)) (stating that the "'common knowledge exception applies if what is alleged to have occurred in the diagnosis, treatment, and care of a patient is so obviously lacking in reasonable care and the results are so bad that the lack of reasonable care would be apparent to and within the common knowledge and experience of mankind generally'"); *McCorkle v. Gravois*, 152 So. 3d 944, 948 (La. Ct. App. 2014) (citing *Pfiffner v. Correa*, 643 So. 2d 1228, 1234 (La. 1994)) (stating that expert medical testimony is not required where the negligence is obvious to a layperson without the help of expert testimony); *Patten v. Milam*, 480 A.2d 774, 778 (Me. 1984) (quoting *Cox v. Dela Cruz*, 406 A.2d 620, 622 (Me. 1979); *Cyr v. Giesen*, 108 A.2d 316, 218 (Me. 1954)) (recognizing exception to the rule requiring expert testimony in medical malpractice cases "'where the negligence and harmful results are sufficiently obvious as to lie within common knowledge'"); *Reiss v. Am. Radiology Servs., LLC*, 211 A.3d 475, 490–91 (Md. Ct. Spec. App. 2019) (finding that expert testimony was required to prove a breach of the standard of care because it was beyond the understanding of the ordinary layperson); *Pitts v. Wingate at Brighton, Inc.*, 972 N.E.2d 74, 79 (Mass. App. Ct. 2012) (citing *Ward v. Levy*, 534 N.E.2d 308, 309 (Mass. App. Ct. 1989)) (finding that expert testimony was not required to prove that a fall caused an injury because "jurors could have accepted the plaintiff's commonsense explanation

without relying on mere speculation or conjecture"); *Dorris v. Detroit Osteopathic Hosp. Corp.*, 594 N.W.2d 455, 465–66 (Mich. 1999) (concluding that the supervision and monitoring of patients in a hospital psychiatric ward required expert testimony because it was outside of the common knowledge and experience of the ordinary layperson); *Tousignant v. St. Louis Cnty.*, 615 N.W.2d 53, 60 (Minn. 2000) (stating that if the facts necessary to establish a medical malpractice claim "are within the general knowledge and experience of lay persons, then expert testimony is not required"); *Hubbard v. Wansley*, 954 So. 2d 951, 960–61 (Miss. 2007) (quoting *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 795 (Miss. 1995)) (acknowledging that "'where a layman can observe and understand the negligence as a matter of common sense and practical experience,' expert testimony is not necessary"); *Thone v. Reg'l W. Med. Ctr.*, 745 N.W.2d 898, 904 (Neb. 2008) (quoting *Halligan v. Cotton*, 227 N.W. 10, 13 (Neb. 1975)) (stating that the common knowledge exception has long been recognized in cases where "'the evidence and the circumstances are such that the recognition of the alleged negligence may be presumed to be within the comprehension of laymen[,]'" but it only applies in "cases of extreme and obvious misconduct"); *Brouwer v. Sisters of Charity Providence Hosps.*, 763 S.E.2d 200, 204 (S.C. 2014) (citations omitted) (finding that negligent exposure of a patient with a known allergy to latex was within the common knowledge or experience of a layperson so that no expert proof was necessary); *Steinkamp v. Caremark*, 3 S.W.3d 191, 197 (Tex. App. 1999) (citations omitted) (finding that a claim based on a surgical instrument being left inside a patient's body fell within the common knowledge exception because "'[i]t does not take a medical expert to know that a surgical instrument is not supposed to break and remain either in part or whole, inside the body'"); *Summers v. Syptak*, 801 S.E.2d 422, 425 (Va. 2017) (citations omitted) (noting that the common knowledge exception is rarely used and applies when "'the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience'"); *Woods v. Pommerening*, 271 P.2d 705, 707 (Wash. 1954) (citations omitted) (stating the exception to the rule requiring expert testimony as "when the negligence is so grossly apparent that a layman would have no difficulty in recognizing it"); *Totten v. Adongay*, 337 S.E.2d 2, 6 (W. Va. 1985) (explaining that "[t]he essence of [the common knowledge] exception is simply that certain medical situations present routine or noncomplex matters which are cognizable under the common knowledge or experience of lay jurors and, therefore, the presence or absence of negligence can be determined without resort to expert testimony").

Tennessee has long recognized the common knowledge exception in health care liability cases. In *Osunde v. Delta Medical Center*, the Court of Appeals held that "expert testimony is not required where the act of alleged wrongful conduct lies within the common knowledge of a layperson." 505 S.W.3d 875, 886–87 (Tenn. Ct. App. 2016) (citing *Baldwin v. Knight*, 569 S.W.2d 450, 456 (Tenn. 1978); *Bowman v. Henard*, 547 S.W.2d 527, 530–31 (Tenn. 1977); *Tucker v. Metro. Gov't of Nashville & Davidson Cnty.*, 686 S.W.2d 87, 92 (Tenn. Ct. App. 1984)).

Although the Act's pre-suit notice requirement, Tennessee Code Annotated section 29-26-121, applies to all health care liability claims under the Act, the same is not true for whether expert testimony is required under Tennessee Code Annotated section 29-26-122.[8] "[A]dditional analysis is needed to determine whether expert proof is necessary." *Osunde*, 505 S.W.3d at 887 (citing *Smith v. Testerman*, No. E2014-00956-COA-R9-CV, 2015 WL 1118009, at *5 (Tenn. Ct. App. Mar. 10, 2015), *perm. app. denied* (Tenn. June 15, 2015)); *see also Estate of Bradley v. Hamilton Cnty.*, No. E2014-02215-COA-R3-CV, 2015 WL 9946266, at *5 (Tenn. Ct. App. Aug. 21, 2015) (quoting *Smith*, 2015 WL 1118009, at *4) (stating that expert testimony is not required "'if the negligence is obvious and readily understandable by an average layperson'").

Courts determine on a case-by-case basis whether expert testimony is necessary in a health care liability case. For example, the plaintiff in *Osunde* alleged that she fell and was injured after a hospital radiology technician provided her with a faulty stool that shifted when she stepped off of it. *Id.* at 877. Under the Act, the radiology technician was a "health care provider" and furnishing a stool in connection with x-ray services qualified as a "health care service." *Id.* at 888. Thus, the plaintiff's lawsuit was subject to the requirements of the Act. *Id.* But the plaintiff did not have to present expert proof because the Court of Appeals found that "[i]t is within the common knowledge of a layperson to determine whether the provision of an unstable stool is negligent." *Id.* at 889. The appellate court explained that a determination of the correct type of medical equipment to use during a medical procedure would generally require expert proof because "[i]t is not ordinarily within common knowledge what is appropriate for medical treatment." *Id.* at 889 n.9. But it is within the common knowledge of a layperson to determine whether providing a specific piece of "inherently faulty" equipment, such as a "wobbly and unstable" stool, is negligence because it is common knowledge that "a stool should promote stability." *Id.*

In *C.D. v. Keystone Continuum, LLC*, No. E2016-02528-COA-R3-CV, 2018 WL 503536 (Tenn. Ct. App. Jan. 22, 2018), the plaintiff alleged that a security guard working for the mental health facility where the plaintiff was a patient attacked and injured him. The plaintiff sued the facility, alleging negligent training and supervision of the security guard. *Id.* at *6. The Court of Appeals agreed with the trial court that the plaintiff's claims of negligent training and supervision were "health care services" under the Act but found that the plaintiff's claims involving willful assault and battery were unrelated to the provision of health care services. *Id.* at *5–6. The Court of Appeals determined that while the Act covered the allegations against the facility for negligent training and supervision of its employees, the plaintiff did not have to file a certificate of good faith. This was because expert testimony was not necessary to determine whether the security the facility provided to its residents was adequate and appropriate. *Id.* at *7.

---

[8] Ms. Jackson's compliance with the Act's pre-suit notice requirement is not at issue.

*Zink v. Rural/Metro of Tennessee, L.P.*, 531 S.W.3d 698 (Tenn. Ct. App. 2017) is similar. The plaintiff alleged that while he was strapped to a gurney, an emergency medical technician struck the plaintiff in the face with his fist. *Id.* at 700. The trial court found that the common knowledge exception did not apply. *Id.* at 701. The Court of Appeals reversed, finding that expert proof was unnecessary because it was within the common knowledge of a layperson to decide whether an emergency medical technician violated the standard of care by striking the face of a patient who was strapped to a gurney. *Id.* at 707. For that reason, the plaintiff's claim should not have been dismissed for failure to file a certificate of good faith with his complaint. *Id.*; *see also Miller v. Willbanks*, 8 S.W.3d 607, 615 (Tenn. 1999) (citing *Lawrence Cnty. Bank v. Riddle*, 621 S.W.2d 735, 737 (Tenn. 1981)) (holding that serious mental injury caused by intentional infliction of emotional distress can be determined by the trier of fact without expert testimony, which is only necessary "when the subject of examination requires knowledge or experience that persons lacking special skills do not have and that cannot be obtained from ordinary witnesses"); *Redick v. Saint Thomas Midtown Hosp.*, 515 S.W.3d 853, 859 (Tenn. Ct. App. 2016) (finding that expert proof was not needed to prove a hospital employee's failure to comply with fall precautions); *Graniger v. Methodist Hosp. Healthcare Sys., Inc.*, No. 02A01-9309-CV-00201, 1994 WL 496781, at *4 (Tenn. Ct. App. Sept. 9, 1994) (stating that the necessity of removing a foreign object imbedded in a patient's foot was within the knowledge of a layman), *perm. app. denied* (Tenn. Jan. 3, 1995).

In other cases, courts have declined to apply the common knowledge exception after finding that specialized medical knowledge was needed to establish negligence in a health care liability action. *See Mayo v. United States*, 785 F. Supp. 2d 692, 696–97 (M.D. Tenn. 2011) (finding that the plaintiff needed expert testimony to prove potential exposure to bodily fluids caused hepatitis); *Newman v. Guardian Healthcare Providers, Inc.*, No. M2015-01315-COA-R3-CV, 2016 WL 4069052, at *7 (Tenn. Ct. App. July 27, 2016) (holding that it was not within the ordinary knowledge of a layperson whether a psychiatric patient should be restrained, and therefore expert testimony was necessary); *Patterson v. Arif*, 173 S.W.3d 8, 12 (Tenn. Ct. App. 2005) (stating that it was not within the common knowledge of a layperson that a person suffering from shortness of breath should be taken immediately to the emergency room); *McConkey v. State*, 128 S.W.3d 656, 661 (Tenn. Ct. App. 2003) (holding that it was not within the knowledge of a layperson whether the accidental severing of a vein during a surgical procedure was a breach of the standard of care); *Age v. HCA Health Servs. of Tenn., Inc.*, No. M2001-01286-COA-R3-CV, 2002 WL 1255531, at *2–3 (Tenn. Ct. App. June 7, 2002) (holding that the transfer of a post-surgical patient involved specialized training and knowledge that was beyond the knowledge of a layperson, and therefore the plaintiff had to prove negligence through expert testimony); *Tyree v. Donelson Hosp., Inc.*, No. 88-227-II, 1989 WL 13064, at *3–5 (Tenn. Ct. App. Feb. 17, 1989) (concluding that the plaintiff needed to present expert testimony to prove that the hospital was negligent in failing to restrain and supervise a patient who was a fall risk).

What all of these cases have in common is the fundamental consideration of whether the conduct at issue involved the exercise of medical judgment or skill. In other words, whether the alleged negligent conduct involved technical or specialized knowledge of a medical procedure or a patient's medical condition or whether the alleged negligent conduct involved medical decision-making—such as determining the type of treatment or procedure to perform or the type of equipment or medicine to use. If so, then expert proof would be necessary. As Professor King has suggested, this inquiry might be phrased as whether "[t]he specific decision making by the health care provider . . . involve[d] the exercise of uniquely professional medical skills, a deliberate balancing of medical risks and benefits, or the exercise of therapeutic judgment." *The Common Knowledge Exception*, *supra*, at 56.

After reviewing the undisputed facts, we hold that Ms. Jackson's claim against Gould's for negligent training, supervision, and retention is within the knowledge and experience of an ordinary layperson and does not require explanation from a witness with specialized knowledge of the massage industry. Ms. Jackson does not allege that Mr. Burrell negligently performed the massage, used improper technique or excessive force, or erred in decision-making as a massage therapist. Thus, there is no need for expert testimony about different types of massage, proper techniques for performing a type of massage, or other specialized knowledge that an expert in the massage industry would know and the average layperson likely would not. Instead, Ms. Jackson alleges that Mr. Burrell sexually assaulted her during a massage and that Gould's knew or should have known that Mr. Burrell had previously acted inappropriately, making two other clients feel uncomfortable, and thus posed a risk of sexually assaulting Ms. Jackson. A layperson could understand that a salon may be negligent in its training, supervision, and retention of a massage therapist who sexually assaults a disrobed customer in a private setting during a massage when the salon knew of the massage therapist's prior inappropriate actions.

Because we have determined that the common knowledge exception applies and expert testimony is not required to assist the trier of fact, we hold that the trial court erred in granting summary judgment based on Ms. Jackson's failure to file a good faith certificate.

## III.

We vacate the trial court's grant of summary judgment to Gould's and reverse the Court of Appeals' judgment affirming the trial court's ruling. We remand this case to the trial court for further proceedings consistent with this opinion. The costs of this appeal are taxed to Gould's Salons, Inc. d/b/a Gould's Day Spa & Salon, for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE