# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**March 12, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

CURLEY HOWSE,                      )
                                   )
     Claimant/Appellant,          )
                                   )     Appeal No.
                                   )     01-A-01-9809-BC-00489
VS.                                )
                                   )     Claims Commission
                                   )     No. 82818
STATE OF TENNESSEE,                )
                                   )
     Respondent/Appellee.         )


### APPEALED FROM THE TENNESSEE CLAIMS COMMISSION
### MIDDLE DIVISION

### THE HONORABLE THOMAS STOVALL, ADMINISTRATIVE JUDGE


CURLEY HOWSE #91611
Turney Center
Route 1
Only, Tennessee 37140
     Pro Se/Claimant/Appellant

JOHN KNOX WALKUP
Attorney General and Reporter

SOHNIA W. HONG
Assistant Attorney General
425 Fifth Avenue North
Nashville, Tennessee 37243
     Attorney for Respondent/Appellee


### AFFIRMED AND REMANDED


BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

An inmate filed a medical malpractice claim against the Department of Correction. The Claims Commission granted summary judgment to the Department. We affirm the Commission.

## I.

On October 13, 1987, Curley Lee Howse, an inmate in the custody of the Department of Correction, was examined by a physician assistant at the DeBerry Correctional Institute. The physician assistant found that Mr. Howse had impacted ear wax (cerumen) in his external ear canal. He prescribed Cerumenex eardrops, to be administered over a period of three days in order to soften the wax, so it could be more easily removed. After administration of the Cerumenex, Mr. Howse complained of a rash and itching on both ears.

On October 16, a doctor examined the ears, found there to be a rash on the pinna, or external portion, of both ears, ordered that the earlobes and surrounding areas be kept clean, and prescribed Benadryl and the application of 1% hydrocortisone cream to the affected areas.

On December 7, 1987, Mr. Howse filed the first pleading in this case, a claim with the Division of Claims Administration, alleging negligence and medical malpractice on the part of the staff at DeBerry, and requesting $125,000 in damages.

Over the years Mr. Howse has filed numerous inmate grievances, motions, and other handwritten documents that have been made a part of this record. Many of them refer to other incidents of alleged malpractice or of abuse by correctional employees that occurred subsequent to December 7, 1987. In all of the documents he has filed, he styles himself as "Reverend Curley Howse," though he nowhere states how he acquired this title. He contends that some of the abuse he

suffered was in retaliation for the pursuit of his medical malpractice claim. We must confine our review to his original claim however, because we believe it is the only one currently at issue.

The claim of Mr. Howse was transferred from the Division of Claims Administration to the Claims Commission. On June 22, 1993, the Commission dismissed it for failure to state a claim upon which relief can be granted, *see* Tenn. R. Civ. Proc. 12.02(6). The Commission also granted the State's Motion for Summary Judgment.

Mr. Howse then appealed to this court. We reversed the judgment of the Claims Commission. We found that the complaint, if liberally construed in favor of the plaintiff, stated a possible claim for negligence, which raised the possibility that he might be able to prove a set of facts that would entitle him to some relief.

We also found that the State had not supported its Motion for Summary Judgment by evidence of facts which if true would require dismissal, or would require the claimant to produce evidence to refute or rebut the State's evidence in order to avoid summary judgment.

After remand, the Claims Commissioner transferred this claim to the Administrative Procedures Division of the Secretary of State's Office, for resolution by an Administrative Law Judge. The State again filed a Motion for Summary Judgment, and supplemented its motion with an expert affidavit prepared by Dr. Harold Butler, medical director for two Tennessee prisons.

After reviewing the medical records, Dr. Butler stated that it appeared that Mr. Howse had a mild allergic reaction to the Cerumenex, and that if it drained out of his ears, it may have irritated the skin on the pinna. He concluded that the medical

staff did not deviate from the standard of care in its treatment of Mr. Howse, and that there was no negligence. Based upon the affidavit of Dr. Butler, and the failure of the claimant to offer any medical proof in rebuttal, the administrative law judge granted the defendant's Motion for Summary Judgment. This appeal followed. *See* Tenn. Code Ann. § 9-8-403(a)(1).

## II.

Proof of injury alone is not sufficient to survive a Motion for Summary Judgment in a medical malpractice action. The plaintiff has the burden of producing, through competent medical testimony, evidence that the defendant deviated from the recognized standard of acceptable professional practice, and that this deviation caused the injury of which he complains. Tenn. Code Ann. § 29-26-115.

In the present case, Mr. Howse has alleged that the administration of Cerumenex caused him to suffer injury. However Mr. Howse has not proven what the standard of care requires before Cerumenex can be administered to a patient with cerumen impaction. Neither does he allege that the physician assistant and the doctor who treated him violated the standard of care in their treatment.

Dr. Butler stated that the standard of care in the medical community of which he was a part is "to administer a softening agent, like cerumenex, when a patient has cerumen impaction of the external ear canal." He concluded that the medical staff met the appropriate standard of care, and that any injuries suffered by Mr. Howse were not the result of any deviation from that standard. Dr. Butler's affidavit created a proper basis for summary judgment, and Mr. Howse failed to offer any evidence of his own to refute that affidavit.

## III.

- 4 -

The judgment of the administrative law judge is affirmed.  Remand this cause to the Claims Commission for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM C. CAIN, JUDGE