IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JUNE 9, 2005 Session

# DENA M. TAYLOR v. SHELBY COUNTY HEALTH CARE CORPORATION d/b/a REGIONAL MEDICAL CENTER AT MEMPHIS, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-006811-00     George H. Brown, Jr., Judge**

**No. W2004-02453-COA-R3-CV - Filed November 10, 2005**

In this appeal, we are asked to determine if the circuit court erred when it granted a defendant doctor's motion for summary judgment. The plaintiff asserts, as she did at trial, that there was a genuine issue of material fact, rendering summary judgment inappropriate. The plaintiff filed an appeal to this Court. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Reginald L. Eskridge, Janelle R. Eskridge, Memphis, TN, for Appellant

William H. Haltom, Jr., Marcy L. Dodds, Memphis, TN, for Appellee, C. A. Green, M.D.

# MEMORANDUM OPINION[1]

## I. STATEMENT OF FACTS & PROCEDURAL HISTORY

On November 21, 1999, Ms. Dena M. Taylor ("Patient" or "Appellant") arrived at the Regional Medical Center (the "Med") in Memphis, Tennessee seeking treatment for severe leg pain. Upon admittance to the emergency room, Dr. Christie A. Green ("Doctor" or "Appellee") began medical diagnosis of Patient. Doctor elicited Patient's medical history from her, performed a physical examination, and ordered certain tests along with Patient's chart.

At 8:00 p.m., Doctor's shift ended, and Dr. Todd Overby assumed care for all of Doctor's patients. Dr. Overby subsequently diagnosed Patient with sickle cell crisis. Dr. Overby then released Patient from the Med at 1:25 a.m. on November 22, 1999. Later in the evening after continuing to complain of severe leg pain, Patient presented to Baptist Memorial Hospital for treatment. At Baptist Memorial Hospital, doctors diagnosed Patient with aortic occlusion. On November 26, 1999, Patient underwent above-knee amputation of her left leg.

On November 20, 2000, Patient filed suit against Doctor, the Med, and Dr. Tasha Ford alleging medical malpractice. On January 30, 2001, Doctor filed a motion for summary judgment. Doctor then filed a renewed motion for summary judgment on May 24, 2004. In support of her motion, Doctor filed an affidavit wherein she asserts that she did not deviate from the standard of care, and, that if she did, her deviation did not proximately cause Patient's injuries. Thereafter, Patient filed a response to Doctor's motion for summary judgment along with the deposition her expert, Dr. Frank Mushkat ("Dr. Mushkat"), in support of her response.

Subsequently, the circuit court conducted a hearing on Doctor's motion for summary judgment. At the hearing, both Patient and Doctor attempted to point to different statements made by Dr. Mushkat in his deposition to support their respective positions. The circuit court continued the hearing and requested that both parties file in writing what facts they rely on in Dr. Mushkat's deposition in support of their respective position, including what page number in the deposition and line number on the page to find those facts. Instead of filing what the court requested, Patient filed a supplemental affidavit by Dr. Mushkat in which Dr. Mushkat attempted to clarify his opinions stated in his deposition. In response to this filing, the court stated to counsel for Patient:

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee governs the issuance of Memorandum Opinions, which states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

That is not what I asked you to do. I told you what I wanted you to do when we were here before. There was a deposition, you know, and I was ready to rule against you when we were here before. And I gave you all specific instructions of what to do. Because there was a deposition extant that you relied upon, and rather than we take our time going through that in court, I put the onus on you to say that where in that deposition you relied. If you haven't done it, then I am granting the motion.

The judge told you what to do and how to do it. There is no deviation. I said plainly how I wanted it. You might want to give it to me another way, and some other judge may request it another way. This judge told you how I want it. Either you have got it or you don't. If you don't have it, the motion is granted. It is as plain as that.

The circuit court thereafter allowed Patient to present the information it requested orally. The court then granted Doctor's motion for summary judgment.

## II. ISSUES PRESENTED

Appellant has filed a timely notice of appeal to this Court presenting the following issue for review:

1.      Whether the circuit court erred when it granted summary judgment to Appellee. Appellee has presented the following additional issue for review:

2.      Whether the circuit court erred when it denied Appellant's motion to alter or amend its ruling granting summary judgment in favor of Appellees.

For the following reasons, we affirm the decision of the court.

## III. STANDARD OF REVIEW

Summary judgment is appropriate when a moving party establishes "that there is no genuine issue as to any material fact and that a judgment may be rendered as a matter of law." Tenn. R. Civ. P. 56.04 (2005). "When a motion for summary judgment is used defensively, the plaintiff must present evidence sufficient to establish the essential elements of his claim on which he will bear the burden of proof at trial." *White v. Methodist Hosp. S.*, 844 S.W.2d 642, 645 (Tenn. Ct. App. 1992) (citing *Blair v. Allied Maintenance Corp.*, 756 S.W.2d 267, 269-70 (Tenn.Ct. App. 1988)). In such case, if the plaintiff does not produce evidence that "establish[es] the essential elements of his claim, then summary judgment is appropriate." *Click v. Mangione*, No. M1999-00129-COA-R3-CV, 2000 Tenn. App. LEXIS 441, at *8 (Tenn. Ct. App. July 7, 2000) (citing *Blair v. Allied Maintenance Corp.*, 756 S.W.2d 267, 269-70 (Tenn. Ct. App. 1988)). We review grants of summary judgment

*de novo* on the record, ***id.*** (citing *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997)), and "examine the evidence and all reasonable inferences from the evidence in the light most favorable to the non-moving party and . . . discard all countervailing evidence," ***Kelley v. Middle Tenn. Emergency Physicians, P.C.***, 133 S.W.3d 587, 591 (Tenn. 2004) (citing *Mooney v. Sneed*, 30 S.W.3d 304, 305-06 (Tenn. 2000); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993)).

## IV. DISCUSSION

On appeal, Patient claims that the trial court erred when it granted Doctor's motion for summary judgment because there was a genuine issue of material fact and that Doctor was not entitled to judgment as a matter of law.

When a plaintiff brings an action for injuries resulting from negligent medical treatment, "the action is one for medical malpractice." ***Patterson v. Arif***, No. W2004-01837-COA-R3-CV, 2005 Tenn. App. LEXIS 92, at *7 (Tenn. Ct. App. Feb. 14, 2005) (citing *Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 640 (Tenn. 2003)). Our legislature has codified within section 29-26-115 of the Tennessee Code what elements a plaintiff must prove in an action for medical malpractice, which states in pertinent part:

> (a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the profession and the specialty thereof, if any, that the defendant practices in the community in which the claimant practices or in a similar community at the time the alleged injury or wrongful action occurred;
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.
> (b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a) unless the person was licensed to practice in the state or a contiguous bordering state a profession or speciality which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection

-4-

> when it determines that the appropriate witnesses otherwise would
> not be available.

Tenn. Code Ann. § 29-26-115(a)-(b) (2005).

"To withstand a motion for summary judgment, the plaintiff in a medical malpractice claim must present competent medical testimony, to a reasonable degree of medical certainty, which raises a genuine issue of material fact as to each element of the plaintiff's claim." **Click**, 2000 Tenn. App. LEXIS, at \*10-11 (citing *White*, 844 S.W.2d at 648). Thus, Appellant must show through expert testimony that there is a genuine issue of material fact as to whether Appellee has "breached the recognized standard of care" and whether the breach was the proximate cause of Appellant's injury. *Id.* at \*11 (citing *Howse v. State*, 994 S.W.2d 139, 1412 (Tenn. Ct. App. 1999); *Russell v. Pakkala*, No. 02 A01-9703-CV-00053, 1998 WL 10212, at \*2 (Tenn. Ct. App. Jan. 14, 1998); *White*, 844 S.W.2d at 648)).

In her affidavit, Appellee stated that she "used, possessed and exercised that degree of skill and learning ordinarily used, possessed and exercised by physicians in good standing in this community under the same or similar circumstances. . . ." In response, Appellant failed to show through expert testimony that Appellee breached the standard of care. While Appellant's expert, Dr. Fred Mushkat, testified, to a reasonable degree of medical certainty, what the recognized standard of care was in Appellee's position, Dr. Mushkat never testified that Appellee breached the recognized standard of care. Rather, Dr. Mushkat stated that Appellee's actions were "not necessarily below the standard of care" assuming there was "a plan to image this patient in some way to check out any risk for occlusive vascular disease" when she turned over care of Appellant to Dr. Overby, the oncoming physician. Further, Dr. Mushkat testified that he had *no* knowledge of whether Appellee and Dr. Overby formulated any plan regarding the treatment of Appellant. Given the recognized standard of care that Dr. Mushkat asserts, it is impossible for him to state whether Appellee breached that standard of care without knowing this fact.

Additionally, even assuming that Appellee breached the recognized standard of care, Appellant has not demonstrated that Appellee's breach proximately caused Appellant's injuries. Appellee has stated in her affidavit that even if her actions breached the recognized standard of care, those actions did not proximately cause Appellant's injuries. In his deposition, Dr. Mushkat never asserts that, if Appellee failed to form a plan with the oncoming physician when she turned over care of Appellant, this failure proximately caused Appellant's injuries. Accordingly, we affirm the decision of the circuit court.

In her brief, Appellee raises an additional issue of whether the trial court erred in denying Appellant's motion to alter or amend. Because Appellant was the party who submitted the motion to alter or amend, this issue is pretermitted.

## V. CONCLUSION

For the reasons set forth herein, we affirm the decision of the circuit court granting summary judgment to Appellee. Costs of this appeal are taxed to Appellant, Ms. Dena M. Taylor, and her surety, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, JUDGE